CHARLES SAWYER, JR. & others *vs.* GEORGE O. HOVEY.

In order to sustain a bill in equity to reform a deed on the ground of mistake, there must be full and satisfactory proof that it does not conform to the oral contract as understood by either party.

MERRICK, J.   The plaintiffs in this suit seek to obtain a decree to reform the deed mentioned in the bill from them to the defendant, on account of an alleged mistake in the description of the land intended to be conveyed by it.

When, in equity, mistake of the parties is expressly charged and put in issue, equity will permit it to be inquired into, and, upon strong and satisfactory proof, to be corrected. *Canedy* v. *Marcy,* 13 Gray, 373.   This is the only principle upon which the bill can be maintained.   The fact of mistake is to be distinctly charged, and then clearly and fully proved.   It is laid down as an established rule that relief will be granted, in cases of written instruments, only where there is a plain mistake, clearly made out by satisfactory proofs.   1 Story on Eq. § 157. *Gillespie* v. *Moon,* 2 Johns. Ch. 585.   And it is a further and very material rule, that the court will not afford its aid or allow a written instrument to be affected by parol or other extrinsic evidence, unless the mistake is made out according to the understanding of both parties, by proof that is entirely exact and satisfactory.   *Andrews* v. *Essex Ins. Co.* 3 Mason, 10.   And this for the paramount reason, that otherwise if a deed should be reformed and corrected upon proof of the mistake of one of the parties, the great injustice might be done of imposing upon

the other the consequences of a contract to which he had never assented, and therefore wholly against his will.

Applying the rule that the written instrument must be clearly proved to vary from the real contract between the parties, as it was understood by each of them, to the evidence produced at the hearing, we find it impossible to come to the conclusion that the bill can be maintained. The alleged mistake consists in this, that the description in the deed covers a greater quantity of land than was intended to be conveyed; more than the plaintiffs meant to sell, and more than it was the understanding of the defendant that he had purchased. The grantors and the grantee were the only material witnesses in the case. The deed describes the western boundary of the land conveyed as a line beginning at a point on the highway one hundred and fifty feet from certain bars, "thence southerly in as straight a line as possible over the highest part of said hill to a large white pine tree." Each of the plaintiffs testified that, according to the contract, and their distinct understanding of it, the western boundary was to be an absolutely straight line from the point on the highway to the pine tree named; that they sold and intended to convey no land lying on the west of any part of such absolutely straight line. And they stated many facts and circumstances which occurred during the negotiation, tending to confirm their confidence in the accuracy of their recollection concerning this boundary. But the defendant testified with equal positiveness that in all his negotiations with the grantors he understood and explained to them that he must have the whole of the eastern slope of the hill, and that he believed that they so understood it. He further testified that he caused the deed to be prepared according to that understanding; that it was then submitted to them for their examination and approval; that they afterwards signed and executed it in his absence, and then returned it to him without any suggestion that it was in any respect different from the contract, or from what they intended that the description in the deed should be. He also testified that after it was delivered to him, and after he came into possession of the land, he entered upon that portion of it

which is included within the lines which are the subject of controversy, and blasted a large quantity of stone there without any objection from them ; and that he never knew that there was any misunderstanding about the line until about ten years after he came into possession of the land under the deed.

This evidence is conflicting. All the witnesses are admitted to be persons of business, of intelligence and respectability. Neither party has made any suggestion against the general reputation of the other as credible witnesses. The conflict in their statements can be accounted for only upon the supposition that there was originally a serious misunderstanding between them, or that on one side or the other there is a misrecollection of what actually occurred during the previous negotiation and at the time of the consummation of their bargain by the execution and delivery of the deed. Upon either supposition, the result is the same. For if parties understand an agreement differently, and neither of them makes known to the other his construction of it, and it is afterwards reduced to writing and duly executed, they are both bound, in equity as well as at law, by the terms of the written instrument, which in such cases is to be construed by the court. *Miller* v. *Lord,* 11 Pick. 24. And as to the fact itself, it cannot be said to be plainly and clearly proved that the alleged mistake actually occurred, while all the evidence relating to the question is conflicting and contradictory. There is nothing which can be said to be absolutely certain concerning the transaction except what is written in the deed. The case therefore, which the plaintiffs are required by the rules and principles of law applicable to such subjects to establish, in order to entitle themselves to relief, has not been shown by that degree and amount of evidence, without which the written instrument must be regarded as the conclusive statement and exposition of the contract between the parties ; and the bill must accordingly be dismissed.

*J. C. Perkins,* for the plaintiffs, cited *Canedy* v. *Marcy,* 13 Gray, 373 ; *Gillespie* v. *Moon,* 2 Johns. Ch. 585 ; *Pitcairne* v. *Ogbourne,* 2 Ves. Sen. 375 ; *Gray* v. *Woods,* 4 Blackf. 432 ; *Peters* v. *Goodrich,*

3 Conn. 146; *Oliver* v. *Mut. Com. Ins. Co.* 2 Curtis C. C. 277; *Tilton* v. *Tilton,* 9 N. H. 385; *Farley* v. *Bryant,* 32 Maine, 474; 1 Story on Eq. § 157.

*S. H. Phillips,* for the defendant.