# Boyce, Appellant, *v.* Hamburg-Bremen Fire Insurance Company.

*Equity—Mistake—Mutual mistake—Reformation of written instrument—Insurance—Fire insurance—Policy.*

It is a settled rule in equity that where the court is asked to reform the written evidence of a contract, the mistake must be mutual.

A court of equity has not power to reform an agreement. It can only correct the written evidence of the agreement to make it correspond to the understanding of the parties.

A bill in equity to reform a fire insurance policy which alleges that the agent of the company was given an order to insure a certain building, but that by mistake he wrote a policy on another building of the same owner, cannot be sustained where the uncontradicted evidence is that the property actually insured, and which the agent examined and intended to insure, was the property covered by the policy, and that there was no understanding or intention of the company to insure the other building.

Submitted Jan. 15, 1904. Appeal, No. 51, Jan. T., 1904, by plaintiff, from decree of C. P. Luzerne Co., May T., 1901, No. 7, dismissing bill in equity in case of Anna Boyce and the Union Dime Permanent Loan Association, Mortgagee, v. The Hamburg-Bremen Fire Insurance Company of Hamburg, Germany. Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Bill in equity to reform fire insurance policy. Before LITTLE, P. J., specially presiding.

The court found the facts to be as follows :

On February 12, 1900, M. H. McAniff, upon behalf of the Union Dime Permanent Loan Association, interested as mortgagee in the several properties, and also upon behalf of Mrs. Anna Boyce, an owner, called up by telephone the insurance agency of Thad. M. Conniff, at Plains, for the purpose of having three properties insured,—one of which was by Mrs. Boyce. Conniff, the insurance agent, came to the telephone, and then noted down the detailed description of the two properties.

McAniff, as part of that telephone conversation with Conniff, the agent, read through the telephone also the following part of the letter which he had received from the Union Dime Permanent Loan Association, under date of February 10, 1900,

relating to Mrs. Boyce's property, one of the three properties for which insurance was applied : " Anna Boyce, date of policy February 20, 1900, $1,200, for one year, on her two story frame, shingle roofed dwelling, etc., occupied by assured, situate on the east side of Main street, in Sugar Notch, Luzerne County, Pa., with lightning clause attached, and loss, if any, payable to the Union Dime Permanent Loan Association, as their interest may appear."

The agent, Conniff, as part of the same conversation, replied that insurance could be at once effected upon the two properties, " but Sugar Notch is not regarded as a gilt edge location by insurance companies. I cannot bind any company to that place until I consult them," and mentioned the following Saturday as the time when he would call. He then took no note or description of the Boyce property.

The agent, Conniff, called at the office of McAniff the following Saturday, made inquiry of the location of Mrs. Boyce's property in Sugar Notch, which was desired to be insured. Also as to the point he should alight from the car and where the property was situate with reference to that point. Conniff proceeded to Sugar Notch, found a property owned by Mrs. Boyce, occupied by her at the time—one side of it—and wrote insurance upon the property he examined. The property insured corresponds in description with the property Conniff saw and with the directions received from McAniff upon the occasion of the call at his office, but is not the property the loan association wished to have insured.

The defendant company issued its insurance policy No. 1,126, dated at Plains, Pa., on March 3, 1900, countersigned by Thad. M. Conniff, agent for the company, whereby they insured Mrs. Anna Boyce for the term of one year from February 20, 1900, at noon, to February 20, 1901, at noon, against all direct loss or damage by fire . . . . to an amount not exceeding $1,200, on a two-story wood, shingle roofed building, with additions, porches, cellar walls, basement, plumbing and all permanent fixtures therein, occupied as a double dwelling and situate on the west side of Main street, in Sugar Notch Borough, Luzerne County, Pennsylvania—standard mortgage clause attached in favor of the Union Dime Permanent Loan Association."

The agent, Conniff, when drawing the policy, entered an abstract of the contract in his office record, made a daily report and forwarded same to the defendant company ; and also after the policy was executed, promptly forwarded it to the Union Dime Permanent Loan Association, the party mentioned as the mortgagee therein, at its office and principal place of business, Rochester, New York.

Afterwards, Conniff, the insurance agent, received a letter from the Union Dime Permanent Loan Association, under date of " Rochester, N. Y., January 28, 1901," requesting him to renew the insurance policy No. 1,126, issued by the defendant company, in amount of $1,200, on property of Mrs. Anna Boyce, of Sugar Notch, Pa., " Mortgaged to this Association," and in pursuance to that request, on February 12, 1901, Conniff, as the agent of the defendant company, issued their policy as of No. 1,157, whereby the defendant company insured " Mrs. Anna Boyce for the term of one year from February 20, 1901, at noon, to February 20, 1902, at noon," against loss by fire, etc., and in renewal of the policy of defendant company No. 1,126, and promptly forwarded by mail this second policy to the Union Dime Permanent Loan Association at Rochester, New York.

Anna Boyce is the owner of a lot of land situate in Sugar Notch borough, Luzerne county, Pa., on the easterly corner of Main and Oak streets, having a frontage of eighty feet on Main street and 150 feet on Oak street, bounded easterly by lands now or late of David Stetler, and southwardly by land of Neil McMonighan, improved with a two-story frame basement dwelling house and saloon, as shown by her deed dated December 16, 1897, and the Union Dime Permanent Loan Association have a mortgage in the sum of $2,000 upon this same property, made by one Mike McCormick to the said association on December 4, 1897. The insurance of the dwelling upon this property was that applied for by Mr. McAniff on February 12, 1900, and the subject of the conversation at the office when the insurance agent was on his way to Sugar Notch to see the proposed risk.

February 17, 1901, the house on this lot was destroyed by fire.

The mistake in the description in this insurance policy was

not discovered until some little time after the fire, and not until after the first policy had expired.

The complainants filed this bill on April 3, 1901, in which they ask for a reformation of the description in the insurance policy issued by the defendant company, No. 1,126, so as to properly describe the dwelling house which was standing on Mrs. Boyce's lot situate on the easterly corner of Main and Oak streets, in the borough of Sugar Notch, Luzerne county, and for other relief.

Under the facts found and the evidence, it would seem that the mistake in the writing of this policy of insurance was attributable to the loan association's failure to give an accurate description of the premises upon which they held their mortgage, and in causing information to be given to the defendant's agent which was misleading. In their letter of February 20, 1900, to Mr. McAniff, the description of the Boyce property was very meagre, indeed. It is therein described as "her two-story frame, shingle roofed dwelling, etc., occupied by assured, situate on the east side of Main street, in Sugar Notch, Luzerne county, State of Pa.;" and the words " occupied by assured " were at the time not true, in fact. The same misleading information was again repeated when the defendant's agent called upon Mr. McAniff at his office, when on his way ·to Sugar Notch to inspect the proposed risk. Mr. McAniff informed the agent that Mrs. Boyce lived in the one side of the building herself.

With this, along with the other information given to the defendant's agent, as to the identity of the property desired to be insured by the loan association, it was not singular that the agent, when he arrived at Sugar Notch, should inquire where Mrs. Boyce lived. He called at a double dwelling, and was informed that Mrs. Boyce lived there, and upon knocking learned that she was not in.

The insurance was written on her residence, a double dwelling on the west side of Main street, Sugar Notch, instead of upon the other building of Mrs. Boyce, a single dwelling, situate on the easterly corner of Main and Oak streets, in the same borough, on which property the complainant's mortgage was a lien.

Mr. Coniff, the agent, was willing to write the risk in Sugar

Notch, if his superior representative of the company would approve of it.

From the facts as found above the court entered a decree dismissing the bill.

*Error assigned* was decree dismissing the bill.

*M. H. McAniff*, with him *John T. Lenahan*, for appellants.—A party whose duty it is to prepare a written contract, according to a previous agreement, if he prepares one materially changing the terms of the previous agreement, and delivers it, as in accordance therewith, commits a fraud, entitling the other to relief: Hay v. Star Fire Insurance Company, 77 N. Y. 235; Born v. Schrenkeisen, 110 N. Y. 55 (17 N. E. Repr. 339); Barnum v. Merchants Fire Insurance Company, 97 N. Y. 188.

*Thomas F. Farrell*, with him *S. J. Strauss*, for appellee.—An instrument may be reformed in case of fraud, accident or mistake, but where the mistake was the result of supine negligence of a party who sleeps upon his rights until other duties and responsibilities have grown up, the law will not help him: Insurance Co. v. Swank, 102 Pa. 17; Okes v. Insurance Co., 12 Pa. C. C. Rep. 341.

OPINION BY HENDERSON, J., March 14, 1904:

A conclusive answer to the plaintiffs' complaint in this case is that it is neither proved nor alleged in the bill that the defendant contracted with the complainants to insure the property which it is sought by this proceeding to cover by the policy. Giving to the bill the most favorable interpretation in favor of the plaintiffs, it alleges that an order was given an agent of the defendant to insure a certain building; that the agent by mistake wrote a policy on another building of the same owner, " whereas the true intent of the parties applying for the insurance was for an insurance on the premises located on east side of Main street." It is nowhere averred in the bill that the defendant agreed with the plaintiffs to insure the property on the east side of Main street, or that it was the understanding of the defendant when the policy was issued that the property insured was on the east side of the street. It is doubt-

less true that the plaintiffs intended to have that property insured, but there is neither averment nor proof that that was the understanding of the defendant and that the policy of insurance was issued with that intention. The uncontradicted evidence is that the property actually insured, and which the agent of the company examined and intended to insure, was on the west side of Main street. The case is not one therefore for the reformation of the contract. To do that would be to create a new obligation for the defendant, and one which it never agreed nor intended to assume. Perhaps the defendant would have issued a policy on the building on the east side of the street, but it made no examination of that property, and issued no policy thereon. What the condition of that property was, and whether the company would have taken a risk upon it, we are not informed, nor is it material in the determination of this case.

It is a settled rule in equity that where the court is asked to reform the written evidence of a contract, the mistake must be mutual : 1 Beach Eq. Jur. sec. 50; Mead v. Insurance Co., 64 N. Y. 453; Diman v. Providence, etc., R. R. Co., 5 R. I. 130; Sawyer v. Hovey, 85 Mass. 331; Cooper v. Farmers' Mut. Fire Insurance Co., 50 Pa. 299. A court of equity has not power to reform an agreement; it can only correct the written evidence of the agreement to make it correspond to the understanding of the parties. A decree in the present case so reforming the policy of insurance as to make it apply to the property on the east side of the street would no more express the agreement of the parties than does the policy actually issued. It is not enough in such case to show the intention of one of the parties. It must clearly appear that the mistake was mutual, and that the writing should be altered to conform to the actual agreement of the parties.

The decree is affirmed.