# Coppes *v.* Keystone Paint & Filler Company, Appellant.

*Deed—Reformation of deed—Mistake—Equity.*

A person who seeks to rectify a deed on the ground of mistake must establish, in the clearest and most satisfactory manner, that the alleged intention to which he desires it to be made conformable continued concurrently in the minds of all parties down to the time of its execution; and, also, must be able to show exactly and precisely the form to which the deed ought to have been brought. To reform a contract, and then enforce it in its new shape, calls for a much greater exercise of the power of a chancellor than simply to set the transaction aside. Reformation is a much more delicate remedy than rescission. Hence, in order to justify a decree for reformation in cases of pure mistake, it is necessary that the mistake should have been mutual.

If a party who can read, will not read a deed put before him for execution; or if, being unable to read, will not demand to have it read or explained to him, he is guilty of supine negligence, which is not the subject of protection, either in equity or at law.

Where an agent of a corporation prepares a deed and sends it to the officers of the company, who insert in the deed a building restriction, and then execute it, and the grantee accepts the deed and pays over the purchase money after he has had a full opportunity of examining the deed, he cannot afterwards have the building restriction stricken from the deed, on the ground that he had accepted the deed and paid the purchase money without knowledge of the insertion of the restriction.

Argued Feb. 26, 1908. Appeal, No. 8, March T., 1908, by defendant, from decree of C. P. Lycoming Co., June T., 1906, No. 4, on bill in equity in case of J. A. Coppes et al. *v.* The Keystone Paint & Filler Company. Before RICE, P. J., PORTER, HENDERSON, MORRISON, HEAD, ORLADY and BEAVER, JJ. Reversed.

Bill in equity to reform a deed. Before HART, P. J.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was decree reforming the deed.

*J. T. Fredericks*, for appellant.—The evidence was insufficient to sustain a decree of reformation: Stockbridge Iron Co.

v. Hudson Iron Co., 107 Mass. 290; Bierman v. Lebanon Val.
College, 20 Pa. Superior Ct. 133; Kerr on Fraud and Mistake,
407; Bispham's Equity, sec. 191; Youngstown Electric Light
Co. v. Butler County Poor District, 21 Pa. Superior Ct. 95;
5 Brewster's Practice (Equity), page 225; Dick v. Ireland, 130
Pa. 299; Mifflin County Nat. Bank v. Thompson, 144 Pa. 393;
Lyman v. United Ins. Co., 17 Johns. (N. Y.) 373; Graham v.
Carnegie Steel Co., 217 Pa. 34.

*John E. Cupp,* with him *Clarence E. Sprout,* for appellees,
cited: McGibbeny v. Burmsater, 53 Pa. 332; Hart v. Carroll,
85 Pa. 508; Graft v. Loucks, 138 Pa. 453; McClurkan v. Byers,
74 Pa. 405; Siemens Regenerative Gas Lamp Co. v. Horst-
mann, 24 W. N. C. 396; Penna. Natural Gas Co. v. Cook, 123
Pa. 170; Camden & Atlantic R. R. Co. v. Coxe, 18 W. N. C. 20.

OPINION BY MORRISON, J., April 20, 1908:

The learned court below entered a final decree reforming a
deed for the conveyance of land from the defendant corpora-
tion to one of the plaintiffs, by striking out of the deed the
following restriction, placed therein by the officers of the cor-
poration before executing the deed, to wit: "But this con-
veyance is made on condition that neither said lands, nor any
building now on, or hereafter erected on said lands shall ever
be used for the business, manufacture, storage or sale of paint,
paints, filler, fillers, or used in carrying on any or either of said
businesses and on condition that neither of said businesses
shall ever be conducted on the premises herein conveyed."

The arrangement for the sale and purchase of the land de-
scribed in the deed, and in plaintiff's bill, was made, orally,
between George W. Howard, vice president and manager of
the Keystone Paint and Filler Company, a corporation exist-
ing under the laws of New Jersey, but engaged in business at
Muncy, in the county of Lycoming, state of Pennsylvania, and
J. A. Coppes, one of the plaintiffs. Pursuant to said oral agree-
ment a deed was prepared, by direction of George W. Howard,
containing no restriction or reservation, and by him forwarded
to the office of the defendant corporation at Hoboken, New Jer-
sey. Before execution the officers of the corporation inserted

in the deed the restriction above quoted, and then duly executed the conveyance and sent it to George W. Howard at Muncy, Lycoming county, Pennsylvania. On April 3, 1906, Howard, for the corporation, delivered the deed to J. A. Coppes who paid to Howard, for the corporation, $800, the consideration money. Before paying for the deed, Coppes had full opportunity for examining it and there is evidence from which the fact could be found that he did open and read the deed before paying the $800. There is ample evidence in the record from which it could be found that before the bargain of sale and purchase was made between Howard and Coppes the latter represented, and the former understood, that the property was to be used by Coppes as a sawmill.

We find in the record twenty-five assignments of error, but the view we take of the controlling questions in the case will render it unnecessary to consider these assignments seriatim.

The controlling fact in this case is that there is no finding of fact, and no evidence from which it could be found, that the restriction was inserted in the deed by mutual mistake, so that a court of equity would have jurisdiction to reform the deed by striking it out. There is not a scintilla of evidence that the officers of the defendant corporation, who executed the deed, acted under the slightest mistake in the preparation and execution of the deed. It was not a deed and it had no legal effect until they inserted therein the restriction, executed the deed and authorized Howard to deliver it to Coppes on the payment by him of $800. If the latter did not wish to accept it, with the restriction therein, his course was to refuse it. Conceding that he did not read the deed, and did not know it contained the restriction until after he paid the purchase money, yet there is no ground shown for reformation. It may be that he could, acting promptly, have tendered the deed back to the corporation and enforced a rescission, if he did not in fact know the restriction was in the deed when he paid the purchase money. But we are not called upon to decide that question, at this time, and it is not decided.

While the court below finds that the defendant corporation, on March 24, 1906, did covenant, contract and agree to and

with Coppes to sell and convey to him the land in question, free and clear of all conditions and reservations whatsoever, yet in truth and fact the only contract or agreement made, or attempted to be made, for or by the corporation, was the oral one made by George W. Howard with Coppes, and there is no evidence that Howard had any authority to make a binding contract to sell any of the real estate of the corporation.

We do not think the rule invoked by the plaintiffs that a party cannot benefit by the contract of one who claims to be his agent and at the same time repudiate the agent's authority, applies, because the corporation did not accept the contract as made by Howard and Coppes, but made a radically different proposition, to wit: the one set forth in the deed which they executed and empowered Howard to deliver to Coppes. "A person who seeks to rectify a deed on the ground of mistake must establish, in the clearest and most satisfactory manner, that the alleged intention to which he desires it to be made conformable continued concurrently in the minds of all parties down to the time of its execution; and, also, must be able to show exactly and precisely the form to which the deed ought to have been brought. To reform a contract, and then enforce it in its new shape, calls for a much greater exercise of the power of a chancellor than simply to set the transaction aside. Reformation is a much more delicate remedy than rescission. Hence, in order to justify a decree for reformation in cases of pure mistake, it is necessary that the mistake should have been mutual:" Bispham's Eq. sec. 469. See also Bierman v. Lebanon Valley College, 20 Pa. Superior Ct. 133; Cooper v. The Farmers' Mutual Fire Insurance Co., 50 Pa. 299. "It is a settled rule in equity that where the court is asked to reform the written evidence of a contract, the mistake must be mutual.

"A court of equity has not power to reform an agreement. It can only correct the written evidence of the agreement to make it correspond to the understanding of the parties:" Boyce v. Fire Ins. Co., 24 Pa. Superior Ct. 589, and cases therein cited.

In the present case, if there was a mistake on the part of the

grantee, in accepting the deed with the restriction therein, there was neither fraud or mistake on the part of the grantor in executing the deed and sending it to be delivered to the grantee with the restriction which the grantor had purposely placed therein: "When it is said that equity will reform a written agreement so as to express and carry out the intention of the parties, the intention meant is the intention of both parties as to something upon which their minds actually met:" RICE, P. J., in Youngstown Electric Light Co. v. Butler County Poor District, 21 Pa. Superior Ct. 95.

It is idle to argue that the corporation perpetrated a fraud upon Coppes. The restriction was plainly written in the deed and he had a full opportunity of examining the deed before accepting it; this is not only proved, but Coppes admits that the deed was handed to him before he paid the purchase money: On this point, J. A. Coppes testified: "I went there in the morning, the whole transaction I do not think was ten minutes. I asked him if the deed had come, and he said yes, and he said do you want to take it and have your lawyer look at it, and I said I guess the Keystone Paint and Filler Company is good for it, and I took the deed and gave him my check and walked out. I do not know whether I had the deed opened—I might have." On this point, Mr. Howard testified that Mr. Coppes took the deed to the window and opened it up for inspection. The testimony discloses that, so far as anybody representing the corporation knew, J. A. Coppes was purchasing the lot for himself, and, therefore, he was the only one to determine whether or not the deed was satisfactory. He was offered the opportunity to take the deed to his attorney for examination and it was handed to him for his own inspection. How, then, can it be said that there was any fraud or attempted fraud practiced upon him?

In Penna. R. R. Co. v. Shay, 82 Pa. 198, Mr. Justice SHARSWOOD, p. 203, said: "If a party, who can read, will not read a deed put before him for execution; or if, being unable to read, will not demand to have it read or explained to him, he is guilty of supine negligence, which, I take it, is not the subject of protection, either in equity or at law."

We are clearly of the opinion that no binding contract was made for the sale of the land, by the corporation, until it executed the deed which contained the restriction. We are also of the opinion that the plaintiffs entirely failed to establish ground for reforming the deed on account of mutual mistake. It is equally clear that if J. A. Coppes was mistaken it was the result of his own supine negligence, and there was no mistake or fraud on the part of the corporation or its officers. We are all of the opinion that the learned court erred in the decree reforming the deed. We, therefore, reverse the decree and dismiss the bill at the costs of the plaintiffs.