Marmon Phila. Co., Appellant, *v.* Blocksom.

Argued October 15, 1931.

Before Trexler, P. J., Keller, Linn, Gawthrop, Cunningham and Baldrige, JJ.

*Maurice Stern,* and with him *James A. Walker,* for appellant.

*J. Franklin Nusbaum,* and with him *Benjamin M. Golder,* for appellee.

OPINION BY KELLER, J., December 16, 1931:

On June 24, 1925, Irene P. Gano leased premises 847-849 North Broad Street, Philadelphia, to Marmon Philadelphia Company for the term of three years from February 1, 1926 at the annual rental of $18,000, payable in monthly instalments of $1,500 in advance.

The defendant Blocksom was the owner of premises 667 North Broad Street which he was desirous of renting to the Marmon Philadelphia Co., and in negotiations leading up to this result agreed to assume the Gano lease from the Marmon Philadelphia Co. This lease was not produced or shown to Blocksom but he was told that the term extended to February 1, 1929 at a rental of $18,000 per year, payable in monthly instalments in advance. Nothing was said to him about the following provision in the lease:

"The lessee agrees to refund to the lessor all increase of taxes upon the demised premises in excess of .......................($......) the amount paid for the year *1923.* Such payments shall be treated in all respects as rent due and shall be payable on August 1st of each year during the term."

This was a part of the printed form except the erasure, which was in red ink, and the "23" in italics, which was inserted in typewriting.

The parties having come to an agreement it was put into effect, not by an assignment of the Gano lease to Blocksom and his assuming its obligations, but by Marmon Philadelphia Co. executing a lease to Blocksom for premises 847-849 North Broad Street from the first day of May, 1928, for the term ending January

31, 1929 for the annual rent or sum of $18,000 payable in monthly instalments of $1,500 in advance, which was the counterpart of the lease from Gano to Marmon Philadelphia Co. except in one respect. The clause above quoted appeared in the lease to Blocksom as follows:

"The lessee agrees to refund to the lessor all increase of taxes upon the demised premises in excess of ................($......) the amount paid for the year 19... Such payments shall be treated in all respects as rent due and shall be payable on August 1st of each year during the term."

The erasure was interlined in red ink but the figures "23" were omitted by mistake of Marmon Philadelphia Company's attorney, who prepared the lease. Blocksom, however, had no knowledge of the error or oversight. He was assured that the lease was an exact copy of the Gano lease.

Marmon Philadelphia Co. having been required to pay $607.50 excess taxes of 1928 over the amount paid in 1923, brought this action against Blocksom to recover the amount so paid.

The court below entered a compulsory nonsuit which it subsequently refused to take off.

We think the action of the court below was right.

The negotiations leading up to the execution of the lease between plaintiff and defendant were merged in the written lease so executed and delivered: Nick v. Craig, 301 Pa. 50; Murphey v. Greybill, 34 Pa. Superior Ct. 339. To justify the reformation of the lease it was necessary to show that the omitted figures were left out of the lease by fraud, accident or mistake, and to warrant a decree for reformation on the ground of mistake, it is necessary that the mistake should have been mutual: Coppes v. Keystone Paint & Filler Co.,

36 Pa. Superior Ct. 38; Bierman v. Lebanon Valley College, 20 Pa. Superior Ct. 133; Bispham's Equity (5th Ed.), Sec. 469.

As the printed clause appeared in the lease to Blocksom with the erasure in red ink and the space following "19," blank, it had no effect whatever as respects the lessee's liability for taxes. Had the attention of Blocksom been drawn to this provision as it stood in the Gano lease and knowledge been brought home to him of the increase in the rent which it effected, prior to the signing of the lease, the mistake would have been mutual and might have been corrected by reforming the lease, and he would have been liable to reimburse the plaintiff for its payment; and the authorities cited by appellant would have applied. But the mistake here was wholly unilateral, not mutual. The plaintiff knew of the clause relative to taxes but its agent, negligently (See Bispham's Equity, Sec. 191) omitted it from the lease which he prepared, and the defendant had no knowledge of it either before or at the execution of the lease, and therefore as to him there was no mistake in the execution of the lease. He signed what he intended to sign and what the plaintiff told him was an exact copy of the Gano lease.

The evidence warranted the court below in saying: "The evidence points that the defendant read over the form of lease prepared by the plaintiffs, and before signing it asked the plaintiff if this was a copy of the Gano lease, to which the plaintiff replied, "It is." The defendant was willing to be bound by every provision which he saw in the lease. He saw that the provision for excess taxes had been ruled out, and that the space for the year was blank. He had not been told that the plaintiff was liable for excess taxes or that the plaintiff expected to hold him liable there-

for." As the mistake was not mutual, but unilateral, and was due to no fault of the defendant, but to the plaintiff's own negligence, the lower court was justified in refusing to strike off the judgment of nonsuit.

The assignment of error is overruled and the judgment is affirmed.