ROYAL W. DIMOND *et al. vs.* ALICE G. M. BARLOW *et al.*

JANUARY 11, 1955.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

400

CONDON, J. This is a bill in equity for reformation of a deed on the ground of mutual mistake. The cause is here on the respondents' appeal from a final decree granting such relief.

The complainants are Royal W. Dimond and Ruth M. Dimond, his wife, and Hugh P. Breen and Julia G. Breen, his wife. The respondents are Alice G. M. Barlow, her brother Hugh J. Murphy, and her sisters Margaret P. Murphy and Hannah M. Kiernan. The controversy between the parties arises out of two deeds of adjacent lots of land made by complainants Dimond. By the first deed executed April 25, 1949 they conveyed to the Breens the following described lot of land:

> "That certain parcel of land located on the Westerly side of High Street in said Bristol with all the improvements thereon and designated as Lot 24 on a certain Plat designated as 'Noyes Plat of House Lots Located in Bristol, Rhode Island, Surveyed and Platted November 1881 by James S. Mason'. Said Lot is recorded in Plat Book 3 at Page 29 and bounds Easterly on said High Street Fifty (50) Feet more or less and carrying that width Westerly for a distance of One Hundred (100) Feet more or less or however otherwise the same may be bounded and described."

As alleged in the ninth paragraph of the bill of complaint, by the second deed executed September 6, 1949 the Dimonds conveyed to respondents the following described premises:

> "That certain parcel of land with all the improvements thereon located on the westerly side of High Street in Bristol and designated as Lot No. 23 on that plat entitled (Noyes Plat of House Lots located in Bristol, Rhode Island, surveyed and platted November 1881 by James S. Mason) which plat is recorded in the office of the Town Clerk of Bristol in Plat Book 3 at page 29."

After respondents took possession they caused a survey to be made of their lot and as a result thereof it was disclosed that a dwelling house on Breen's lot encroached nine

feet over the northerly line of such lot, according to the plat, onto respondents' land. Apparently the Dimonds were unaware of this fact when they made the deed to the Breens and the Breens were equally unaware of it until the survey disclosed it. The same was true at the time the Dimonds conveyed lot 23 to the respondents. However, after the situation of the Breen house was disclosed by the survey and the respondents made it known that they claimed ownership of the area of lot 23 as shown by the plat, complainants Dimond claimed that the description in the deed was a mistake and that it was the real intention of the grantors to sell, and of the grantees to buy, only that portion of lot 23 northerly of the Breen house. The respondents denied any such intention.

In accordance with their claim the Dimonds brought the instant bill of complaint, in which they were joined by the Breens, seeking to have their deed to respondents reformed. After alleging therein that the description in the deed was in error and due to mutual mistake, they further alleged in paragraph 10 that the true description intended by the parties was as follows:

"Beginning at a point in the southwesterly intersection of High Street and Union Street; thence turning and running southerly, bounding easterly on said High Street, sixty (60) feet, more or less; thence turning at an angle of ninety degrees 90° and running westerly, bounding on other land of these grantors, one hundred (100) feet to land now or lately of Bristol Childrens Home; thence turning and running northerly, bounding westerly on said Bristol Childrens Home land, sixty (60) feet, more or less, to said Union Street; thence turning and running easterly, bounding northerly on said Union Street, one hundred (100) feet to the said point or place of beginning; it being the northerly portion of that certain lot or parcel of land laid out and delineated as Lot No. 23 on that plat entitled 'Noyes Plat of House Lots located in Bristol, R.I. Surveyed and Platted November 1881 By James S. Mason' which

said plat is recorded in the office of the Town Clerk of said Bristol in Plat Book 3 at page 29."

The respondents filed an answer denying such allegation. After a hearing on bill, answer and proof the trial justice filed a rescript on November 28, 1952 in which he expressly found that the description in the deed was the result of mutual mistake and that "the deed should be reformed in accordance with Paragraph 10 of the bill of complaint * * *." The complainants, however, failed to submit a decree in accordance therewith. In view of such failure respondents moved that they be required to do so or have their cause dismissed for lack of prosecution.

That motion was duly heard and granted in the superior court on January 30, 1953, but not by the trial justice who heard the case originally. Subsequently in accordance with such decision a decree was entered in which complainants were ordered to submit for entry in the superior court on or before February 13, 1953 a final decree in accordance with the rescript of the trial justice of November 28, 1952 or their bill and all proceedings, orders and decrees thereunder would stand dismissed and vacated as of February 14, 1953.

The complainants did not comply with such order nor did they move to vacate it or appeal from it. Instead, over respondents' objection, they submitted a form of decree containing a description which they claimed was in accordance with the evidence rather than with the description which they had, under oath, specifically alleged in paragraph 10 of their bill. They argued to the trial justice that he was in error in finding in his rescript that the description in the deed should be reformed in accordance with such allegation. Although this contention amounted to an outright repudiation of that paragraph they did not ask leave to amend it in the superior court nor did they do so here. However, the trial justice agreed with their contention and filed an amended rescript on February 2, 1953.

In that rescript he stated that he had made a mistake in finding that the description in the deed should be reformed in accordance with paragraph 10 of the bill. He further stated that, on the testimony before him, the description should be reformed as follows:

> "A certain parcel of land with all the buildings and improvements thereon situated in the Town of Bristol, County of Bristol and State of Rhode Island, and bounding northerly on Union Street, easterly on High Street, southerly on other land of these grantors and westerly on land now or lately of Bristol Childrens Home, said southerly boundary line of said parcel of land herein conveyed being perpendicular to said High Street and a distance of three (3) feet northerly from the northern-most foundation line of the house presently occupied by Hugh P. Breen and wife, Julia G. Breen; said parcel of land herein conveyed being the northerly portion of that certain lot or parcel of land laid out and delineated as lot No. 23 on that plat entitled 'Noyes Plat of House Lots located in Bristol, R.I. Surveyed and Platted November 1881 by James S. Mason' which said plat is recorded in the office of the Town Clerk of said Bristol in Plat Book No. 3 at Page 29."

In accordance with this amended rescript a final decree was duly entered and it is from that decree respondents have appealed to this court.

Manifestly the entry of such decree does not comply with the prior order of the superior court. Nor does it conform substantially to the description alleged in paragraph 10, as complainants appear to contend in their brief. There is a material difference in the location of the division line between the two lots in question and as a consequence there is a grave difference in the total area of land thus intended to be conveyed by each description. Moreover, where it is alleged there was a mutual mistake in a description of real estate a mere substantial conformity between the allegation and the proof is not sufficient. It should be exact. At least

there should be a fair correspondence between them in the total description and not a mere resemblance in some portions of the calls thereof.

The respondents contend first, that the decree is a nullity because the prior order of the superior court not having been vacated or appealed from the bill of complaint was dismissed, and secondly, that the decree is erroneous because of a fatal variance between the description therein and the description alleged in the bill. They argue further that in any event it is erroneous because the evidence on which it rests does not attain to that high degree of proof necessary to establish mutual mistake, namely, that such evidence is not unequivocal, clear and convincing.

In our opinion the action of the superior court in ordering the submission for entry of a final decree in accordance with the trial justice's rescript of November 28, 1952 having been neither vacated nor appealed from became the law of the case and was binding upon the trial justice, unless it can be assumed that he impliedly set it aside when he amended his rescript. However, even if we were to make such an assumption the final decree, in our opinion, would still be erroneous because the description therein does not correspond with the description alleged in paragraph 10 of the bill.

A court of equity cannot reform a deed for mutual mistake unless the mistake is alleged in the bill with precision and the proof thereof is "entirely exact and satisfactory." *Sawyer* v. *Hovey,* 85 Mass. 331; *Page* v. *Higgins,* 150 Mass. 27; *Gagnon* v. *Pronovost,* 97 N. H. 58. Moreover the proof must be confined to the averments in the bill. *Home Owners' Loan Corp.* v. *Nasiatko,* 129 Conn. 19; *Mason* v. *Redwine,* 314 Ky. 802. It has been well said in *Merrill* v. *Washburn,* 83 Me. 189, 191: "The most ample evidence is useless without sufficient statements in the pleadings. Evidence without allegation is as futile as allegation without evidence." In other words it is necessary that the exact form

to which the deed should be brought should be alleged and then proved precisely as alleged. *Coggins & Owens* v. *Carey*, 106 Md. 204. 76 C.J.S., Reformation of Instruments, §81 (a), p. 446.

This is a well-established rule in equity as well as at law. It has been generally held by courts of equity that there must be a fair correspondence between "allegata" and "probata" and that pursuant to such principle the relief granted will be confined to the allegations in the pleadings. *Rubber Company* v. *Goodyear*, 76 U. S. 788. This court took that view many years ago in *Atlantic Fire & Marine Ins. Co.* v. *Wilson, Gall & Co.*, 5 R. I. 479, and we have recently reaffirmed it in *Dolan* v. *Dolan*, 78 R. I. 12.

Perhaps nowhere else is this rule so important as in suits in equity for the reformation of written instruments, and especially deeds. The instrument itself is prima facie evidence of the intention of the parties, although parol evidence may be introduced to show that both parties to the agreement were mistaken in reducing it to writing. *Allen* v. *Brown*, 6 R. I. 386. However, until the contrary is clearly established the writing is deemed to be "the sole expositor" of the contract. *Interstate Lumber Co.* v. *Fife*, 70 Fla. 178. And so "If a mistake is alleged, it must be stated with precision, and made apparent, so that the court may rectify it with a feeling of certainty that they are not committing another, and perhaps greater, mistake." *Stearns* v. *Page*, 48 U. S. 819, 829. "The party alleging the mistake must show exactly in what it consists, and the correction that should be made." *Hearne* v. *Marine Ins. Co.*, 87 U. S. 488, 490.

The above rules are especially applicable in a case involving an alleged mutual mistake in a deed. Before this court will reform the written instrument in such a case it will proceed with great caution and insist that there be clear and convincing evidence unequivocally proving the mistake as alleged in the bill. *Allen* v. *Brown, supra*. Other

courts have exercised such caution in the following cases, in which reformation of the description in a deed in circumstances similar to the case at bar was refused because it was felt that the evidentiary strength of the deed had not been unequivocally and clearly overcome by the parol evidence. *Sawyer* v. *Hovey, supra; Myrick* v. *Johnson,* 25 Tenn. 483. And in this connection we may properly cite our own recent case of *Vanderford* v. *Kettelle,* 75 R. I. 130, 143, in which we expressly said: "Where there is no fraud, a deed is strong evidence of the intention of the parties."

In the case at bar there is a substantial variance between the description alleged in the sworn bill and the description in the final decree. It does not help the complainants to argue as they do that the decree is in conformity with the evidence. In the absence of amendment the bill as filed must stand and the relief granted in the decree should conform thereto. Since the decree does not so conform such variance is fatal.

Even if we could overlook those errors and consider the cause on its merits as it was tried before the trial justice it would still be impossible in the circumstances to sustain the final decree. From a consideration of all the evidence, aside from the fact that complainants alleged on oath in paragraph 10 of their bill of complaint a certain description as the one intended by the contracting parties to the deed and then proved a materially different one by their evidence, we are of the opinion it fails to measure up to the degree of proof necessary in a case of this kind to establish a right to reformation on the ground of mutual mistake.

In other words the evidence is not unequivocal, clear, and convincing. In our opinion if the trial justice applied the proper rule to the evidence, and we are not sure from his rescript that he did, he was clearly wrong in finding that it was sufficient to prove that there had been a mutual mistake.

We have purposely refrained from discussing portions of

the evidence appertaining to the conduct of the respondents and complainant Hugh Breen in regard to the division line because to do so could serve no useful purpose and also because we do not desire to say anything here which might be construed as affecting in any way their reciprocal rights and obligations in and to the real estate conveyed to each of them by deed from complainants Dimond. Those rights and obligations we do not deem to be in issue here. The only issue which we have decided is that the complainants have failed to establish mutual mistake as a *ground for reformation* of the description in the deed of complainants Dimond to these respondents.

The respondents' appeal is sustained, the decree appealed from is reversed, and the cause is remanded to the superior court with direction to enter a decree denying and dismissing the bill.

*Voigt, Wright & Slade, Lucien Capone, Edward J. Plunkett,* for complainants.

*McGuirk & Martin, Frank L. Martin,* for respondents.