Grafton, ·
No. 5421.

KENNETH E. CURRAN, INC.

*v.*

STATE.

Argued October 5, 1965.
Decided December 30, 1965.

*Cleveland, Waters & Bass (Mr. Warren E. Waters* orally), for the plaintiff.

*William Maynard,* Attorney General and *Alexander J. Kalinski,* Assistant Attorney General (*Mr. Kalinski* orally), for the defendant.

WHEELER, J. This action is a bill in equity seeking rescission of a bid and cancellation of a bid bond furnished by the plaintiff in connection with its bid on a construction project. The case was submitted on an agreed statement of facts and all questions of law raised thereby were transferred without a ruling by *Loughlin,* J.

The agreed statement of facts and stipulated testimony of a witness for the plaintiff, in summary are as follows: The plaintiff is an established building construction contractor. On or about June 25, 1964 the State through its Department of Public Works and Highways advertised for bids for a two-story addition to the existing Silver Hall at Plymouth State Teachers College.

At plaintiff's request plans and specifications for the project together with proposal forms to be used by contractors desiring to bid were forwarded to it. The advertisement provided that all bids for this project were to be opened at the office of the Department of Public Works in Concord at 2 P. M. on July 23, 1964. The plaintiff submitted its bid at an hour prior to the opening of the bids in the amount of $102,171.98 and in compliance with the required conditions filed a bid bond in the penal sum of $4,000. Upon the opening of the bids it appeared six other contractors had submitted bids which ranged from $159,957 to $189,945. Prior to advertising for bids, the Department of Public Works had estimated the expected cost at $158,000.

In preparing the plaintiff's bid, the estimation of the costs was made by a former construction superintendent of the plaintiff who had long experience in construction work. He was assisted in estimating the costs of the various items involved by the proposed subcontractor for the project. On the morning of July 23, 1964 at Littleton these several amounts were struck off on an adding machine, which resulted in a total of $86,495.20. To this were added two items which had been omitted and a judgment figure of fifteen per cent which resulted in a grand total for the project of $102,171.98, the bid submitted by plaintiff.

When the bids were opened in Concord on July 23 and it was discovered that the next lowest bid to the plaintiff's was $159,957, plaintiff became concerned because of the discrepancy between its bid and those of the other bidders. On the evening of July 23, 1964 the original estimates were totaled again on the same adding machine and the same total of $86,495 was recorded. That same evening plaintiff's president using the same figures on an electric adding machine arrived at a grand total of $186,495.20.

The adding machine used by the estimators was hand operated with only ten keys, and was incapable of recording a total of more than $99,999.99, a fact which the plaintiff discovered after the bids were opened. Thus when they had taken a total of all

the items which they had fed into the machine, it had disregarded $100,000 and recorded only that part of the total which was above that amount, namely, $86,495.20.

On the morning of July 24 plaintiff's president phoned the Deputy Commissioner of Public Works and Highways notifying him of the error in computation that had been made in preparing the bid and advising the bid was withdrawn and requesting that the bid bond be returned and cancelled. He was informed that he would be held to his bid. This was later confirmed in writing by the Commissioner and on August 6, 1964 plaintiff was forwarded a copy of the proposed contract.

On August 10, 1964 the plaintiff through counsel petitioned the Governor and Council setting forth the circumstances of the bid and the cause of the error and requesting a hearing for a review of the action of the Commissioner of Public Works. The petition was denied on August 14. On August 12 plaintiff had returned to the Department of Public Works and Highways the proposed contract with a letter referring to its pending petition before the Governor and Council.

On August 21, 1964 acting on recommendation of the Department, the Governor and Council approved the award of the contract to the second lowest bidder on its bid of $159,957.

While there are a number of respectable authorities to the contrary the better view we think has been expressed in the following language: "Equitable relief by way of rescission will be granted by most courts, in the case of unilateral mistakes, when the following conditions are present: (1) The mistake is of such consequence that enforcement would be unconscionable. (2) The mistake must relate to the substance of the consideration, that is a material feature. (3) The mistake must have occurred regardless of the exercise of ordinary care. (4) It must be possible to place the other party in status quo." See Relief From Mistake In Bids, 32 Ins. Counsel J. 259 (April 1965) and cases cited.

Following this general rule it has been held that it is only when negligence of a contractor resulting in a mistake in submitting his bid amounts to such carelessness or lack of good faith in calculation as to violate a positive duty in making up a bid, taking into consideration the nature of the transaction and position of the offeree, that equitable relief will be denied. *Taylor & Sons* v. *Ar. Ind. Sch. Dis.*, 160 Tex. 617, 624.

"It is a general rule that although a bidder for a public contract makes a unilateral mistake in preparation of his bid,

yet if the mistake is one which is remedial in equity, notice thereof to the offeree previous to the acceptance of the bid makes equitable relief or its equivalent available, absent other circumstances which would make it inequitable to grant it." Annot. 52 A.L.R. 2d 792, 797, *par.* III 5. See 16 Minn. L. Rev. 137.

"Rescission may be had for mistake of fact if the mistake is material to the contract and was not the result of neglect of legal duty, if enforcement of contract as made would be unconscionable, and if the other party can be placed in statu quo." *Kemper Const. Co.* v. *City of Los Angeles*, 37 Cal. 2d 696, 701.

Contractors do not work under ideal conditions in the rush to meet the deadline for submitting bids and equity recognizes that honest, sincere men, even in the exercise of ordinary care, under such pressure can make mistakes of such a fundamental character that enforcement of the apparently resulting agreement would be unconscionable. In such a situation, if the parties may still be placed in status quo, equitable relief will be granted. *State Highway Commission* v. *State Construction Co.*, 203 Ore. 414; *Geremia* v. *Boyarsky*, 107 Conn. 387; 3 Pomeroy, Equity Jurisprudence, *s.* 870a, *p.* 388; 5 Williston, Contracts (Rev. *ed.*) *s.* 1578, *p.* 4412.

Prior to advertising for bids the Department had estimated for its own purpose the expected cost of the project in the amount of $158,000. This figure was not published and was unknown to plaintiff's estimators at the time they compiled their bid figures. The disparity of over $50,000 between plaintiff's bid, the Department's own estimates and that of the next lowest bidder was sufficient to charge it with notice of probable error.

Following the discovery of the mistake on the evening of the day the bids were opened, plaintiff on the next morning advised the Department of its error, withdrew its bid and requested a return of the bid bond.

We hold the agreed facts warrant a finding that the plaintiff acted honestly, and in good faith in submitting its bid; that this bid contained a material mistake of such grave consequence that its enforcement would be unconscionable, especially in view of the defendant's prior estimate of a cost of $158,000 for this project as compared to plaintiff's bid, of $102,171.98; that this mistake having promptly been brought to the attention of the defendant it could without undue prejudice, accept the second low bid of $159,957. *Puget Sound Painters* v. *State*, 45 Wash. 2d 819; *Kutsche* v. *Ford*, 222 Mich. 442.

We further hold that the plaintiff on the agreed facts is entitled to a decree ordering the rescission of its bid, the cancellation of its bid bond or restitution of its penal sum of $4,000 if already collected by the defendant, and that the case be remanded for appropriate orders in accordance with this opinion.

*Remanded.*

All concurred.