## William E. Cook *v.* Huffman M. Liston, Appellant.

192    19
203    473

*Reformation of deed—Contract—Fraud—Equity.*

Where the owner of a tract of land contracts in writing to sell and convey it, excepting and reserving a certain vein of coal, and he subsequently executes a deed of general warranty, without any reservation whatever, the grantee perpetrates a fraud on the grantor by accepting it with knowledge of the error, and equity will reform the deed so as to make it conform to the intentions of the parties as expressed in the contract.

Argued May 9, 1899. Appeal, No. 335, Jan. T., 1898, by defendant, from decree of C. P. Fayette Co., Equity Docket, No. 255, reforming deed as prayed for in plaintiff's bill. Before STERRETT, C. J., GREEN, McCOLLUM, MITCHELL and DEAN, JJ. Affirmed.

Bill to reform deed.

It appears from the record that on April 25, 1896, the plaintiff executed a deed to defendant conveying to him a certain tract of land in Fayette county containing 67.86 acres strict measure " excepting all the coal heretofore sold, underlying the above described 67.86 acres of surface land." A few lines further on in the deed it proceeds as follows:

" This conveyance is made by the grantor and accepted by the grantee, subject to all the mining rights and privileges given in the grantor's (deed) of the coal, and includes everything except the seven-foot vein of coal heretofore sold to John A. Wood et al. . . . To have and to hold said described 67.86 acres of surface land . . . . unto the said party of the second part." Then follows a covenant of general warranty, closing with the following clause, viz: "except the coal underlying the same as heretofore conveyed; shall and will warrant and forever defend."

The referee found as facts (1) that William E. Cook, complainant, did not agree to sell and convey the coal in dispute to the respondent, Huffman M. Liston; (2) that the respondent, Huffman M. Liston, did not purchase the coal in dispute; (3) that there was a written contract entered into between the said William E. Cook and the said Huffman M. Liston for the

sale by the said Cook to the said Liston of the premises described in complainant's bill, consisting of 67.86 acres of land in Washington township, Fayette county, Pa., excepting and reserving the nine-foot vein of coal; (4) that the terms of said agreement were fully understood and agreed to by both parties; (5) that said written agreement contained the full agreement between the parties; (6) that the deed from Wm. E. Cook to Huffman M. Liston dated April 26, 1896, does not express the true intention of the parties.

The referee recommended a decree that the said deed from William E. Cook to Huffman M. Liston, dated April 25, 1896, be reformed so as to except and reserve all the nine-foot vein of coal within and underlying the premises described in said deed, containing 67.86 acres; together with the mining rights and privileges as set forth in the said deed of William E. Cook to John A. Wood et al., for the coal within and underlying the larger part of said 67.86 acres, as set forth in complainant's bill, and that the complainant William E. Cook pay the two thirds of the costs of this proceeding including the referee's fee of $100, and the respondent Huffman M. Liston pay the remaining one third.

Exceptions filed to the referee's report were dismissed in the following opinion by MESTREZAT, P. J.:

It will serve no good purpose for the court to go over and discuss the testimony in this case. [We think it is clearly established by the evidence that the agreement between the parties reserved the coal to the grantor and that it was the understanding of both parties that the deed should conform to the agreement in this respect.] [1]

[Even if the contention of the defendant be correct that there was no mistake on his part as to the property conveyed, it does not necessarily follow that the plaintiff can have no relief. If there was no mistake on the part of the defendant and he knew he was having conveyed to him the coal, then his knowledge of the mistake of the grantor and his failure to disclose it, and his attempt to take advantage of it, is a fraud on his part.] [2]

[It is shown by testimony, clear, satisfactory and convincing, that the written agreement did not convey the nine-foot vein

of coal, but reserved it.   It is not pretended that there was any other contract than the written agreement between the parties for the sale of the premises, or that the deed was to convey any other or greater interest or estate in those premises than as set forth in that agreement.   The deed, therefore, was executed and delivered in ignorance and under the misapprehension of its contents by the grantor, and conveyed what was not intended to be conveyed and what the grantee had no right to have conveyed to him.] [3] [With a knowledge of this error in the deed, the grantee accepted it, and now seeks to take a fraudulent advantage of it and assert his right to the coal. This is a fraud on the grantor, and equity will grant relief by reforming the deed: Bispham's Eq. (3d ed.) secs. 191, 469 and 470.] [4] ["When there is a mistake on one side, and fraud on the other, there is a case for reformation:" Bispham's Eq. (3d ed.) secs. 191, 469 and 470.   In Crookston Improvement Co. v. Marshall, 57 Minn. 333] [5] it is held that "the mistake of a grantor, if known to the grantee, who conceals the truth from the grantor in order to secure a conveyance of land from him which he knows the grantor never intended or agreed to convey, is a case of a mistake of one party accompanied by fraud and inequitable conduct of the other party, and is good ground for the reformation of the instrument."

[Neither party has a right to complain of the disposition of the costs by the referee.   His action in this respect is fully warranted by the facts disclosed by the evidence.] [6]

The court entered the decree recommended by the referee. [7]

*Errors assigned* were (1–6) rulings of the court below as above stated; (7) entering the decree; (8) in not sustaining appellant's thirteenth exception to the report of the referee, which was as follows: " The referee erred in not reporting a decree dismissing the complainant's bill at the complainant's costs;" (9) in not dismissing the plaintiff's bill because it does not set forth any words and figures purporting to be the contract by which the plaintiff claims to reform the deed in controversy; and because it contains no foundation for the decree of the court below.

*Edward Campbell*, with him *R. P. Kennedy*, for appellant.—
To reform a deed, the mistake must be as clearly proved as if
admitted: Burgin v. Giberson, 26 N. J. Eq. 72.

To effect a reformation of a deed, the evidence should be
clear, explicit and indubitable, leaving the mind free of doubt;
for if it be so loose and unsatisfactory as to lead to no certain
conclusion, it ought not to be received to control or modify a
writing, and more especially solemn instruments such as that
now in question, executed with all the formalities of the law:
Stub v. Stub, 3 Pa. 251.

If, under the pretense of reforming an instrument, loose parol
declarations are to be received to substitute another contract in
lieu of it, the rights of property would rest on a very frail and
precarious foundation: SERGEANT, J., in Stine v. Sherk, 1
Watts & Serg. 202.

A bill for the reformation of a written contract should embody
both the defective instrument and the real agreement: Thomp-
sonville Scale Mfg. Co. v. Osgood, 26 Conn. 16.

The mere fact that a deed made in pursuance of an execu-
tory contract for the sale of lands, conveys a lesser or a greater
estate than that provided for in the contract, does not, of course,
necessarily establish a case for the reformation of the deed, for
in such a case the deed is looked upon as the last expression of
the intent of the parties, and the presumption is, that the change
was made by mutual agreement.    There must be clear and posi-
tive evidence to show that the change was the result of fraud
and mistake to justify the reformation of the deed: Maupin
on Marketable Title, page 539, sec. 226, citing Whitney v.
Smith, 33 Minn. 124; Dunham v. New Britain, 55 Conn. 378.

It requires a proved fraud, not a presumed fraud, to overthrow
the conclusion of the law that the deed expresses the final inten-
tion of the parties: Crotzer v. Russell, 9 S. & R. 78; Anderson
v. Long, 10 S. & R. 55; Creigh v. Beelin, 1 W. & S. 83; Zent-
myer v. Mittower, 5 Pa. 407.


*G. D. Howell*, for appellee.—In Bishop v. Reed, 3 W. & S.
264, the court says that equity will relieve against mistakes
honestly made by one or both parties, and which on discovery
of the whole facts it is found to be against common justice
to attempt to enforce.    In Hunter v. McHose, 100 Pa. 38,

it is said: If the bill alleges mistake of a scrivener and this is proved, reformation is justified.    In Gower v. Sterner, 2 Wharton, 75, it is shown: That we need only aver the scrivener's mistake.    In Crookston Imp. Co. v. Marshall, a Minnesota case reported in 47 Am. St. Rep. 612, a bill was filed to reform a deed because it conveyed more than intended in the original agreement, and because one party labored under a mistake and the other party knowing this concealed the truth in order to secure a conveyance of what had not been intended or agreed on, the court held that this would be a case of a mistake of one party accompanied (by fraud or) by inequitable conduct of the other party which was good ground for reformation.    And the subject in the same strain is fully discussed in 2 Pomeroy's Equity, beginning at section 845, and in 3 Pomeroy's Equity, sec. 1376.

PER CURIAM, May 23, 1899:

We are all of opinion that, upon the pleadings, and facts properly found by the learned referee and court below, this was a clear case for equitable relief, and that there was no error in entering the decree recommended by the referee.    The deed itself contains an expression that is strongly indicative of the fact that it was not the intention of the plaintiff to sell, nor of the defendant to buy the underlying nine-foot vein of coal in question.    In the premises, the sixty-seven and eighty-six one hundredths acres of land, intended to be conveyed, is described, " All that certain messuage, tenement, piece or parcel of surface land, situate," etc. ; and in the habendum the same is referred to as, " said 67.86 acres of surface land," etc.    But, it is not our purpose to review or discuss the evidence of the established facts upon which the decree is based.    Without pursuing the inquiry further, we are satisfied that there is no substantial error in the decree ; and it is accordingly affirmed with costs, to be paid by the appellant, and his appeal is dismissed.