Fred K. WAGONER, Jack R. Wagoner, Donald L. Wagoner and Howard R. Wagoner, co-partners, doing business under the firm name and style of Wagoner Construction Company, Plaintiffs,

v.

MOUNTAIN SAVINGS AND LOAN ASSOCIATION, a corporation, and Donald E. Barnes, Defendants.

Civ. A. No. 6411.

United States District Court
D. Colorado.

Dec. 8, 1961.

Otis Babcock, Santa Ana, Cal., and Isaac S. Willson, Denver, Colo., for plaintiffs.

Hiester, Tanner & Clanahan, Denver, Colo., and Neil C. King, Boulder, Colo., for defendant, Mountain Savings & Loan Ass'n.

DOYLE, District Judge.

On April 5, 1961, the above-named defendants filed motions supported by affidavits seeking summary judgment. Counter affidavits were thereafter filed by plaintiffs and a hearing was held before Judge Royce H. Savage on August 10, 1961. On that occasion the motion was granted as to the third and fourth claims against both defendants. Theretofore, the first and second claims of the second amended complaint as against the defendant Donald E. Barnes had been dismissed by stipulation of the parties; thus, there remain two claims to be determined and these are the first and second claims against the Mountain Savings and Loan Association.

At the August 10, 1961 hearing, Judge Savage was uncertain as to whether plaintiffs' affidavits displayed the existence of genuine issues of fact and on that date the judge ordered plaintiffs to file additional affidavits explaining conclusions which appeared in the original affidavits. Thereafter, on August 25, 1961, the plaintiff Fred K. Wagoner filed an additional affidavit and following this the parties submitted further memorandum briefs. An oral argument was held on December 1, 1961, and the cause is now before the Court on defendant Mountain Savings and Loan Association's motion for summary judgment addressed to the first and second claims for relief directed to it. Thus, the issue for determination is a rather narrow one as to whether the existence of a genuine issue of fact is apparent as a result of the filing by the plaintiff Fred K. Wagoner of the additional affidavit. Notwithstanding that the cause now appears in this restricted posture, it will be helpful to outline somewhat the facts which have preceded this determination whereby the issue has become narrowed in the manner indicated.

In its first claim plaintiffs allege that on June 29, 1955, they entered into an oral and written agreement with defendant under the terms of which they conveyed certain real property to corporations controlled by defendant and in exchange for these conveyances defendant agreed to underwrite plaintiffs' outstanding obligations in connection with the construction of certain homes, which

obligations were in the amount of $85,000.00, and agreed further to furnish plaintiffs with loans and financing for the construction of homes and finally to re-convey the property to plaintiffs upon their paying $85,000.00, the amount of the outstanding indebtedness. Copies of two warranty deeds conveying the property referred to are appended to the complaint. It is said that the defendant violated the contract by refusing to furnish the loans or to re-convey the property.

The second claim for relief is somewhat similar. It alleges that on July 24, 1955, an oral and written agreement was entered into between the plaintiffs and the defendant whereby in exchange for the conveyance by plaintiffs of certain property, defendant agreed to pay plaintiffs a total of $120,000.00 by crediting an outstanding indebtedness of $96,000.00 and paying over the balance between $96,000.00 and $120,000.00. The agreement, according to the allegations, further contemplated that defendant would re-convey this property to plaintiffs for the sum of $120,000.00.

In the appended deeds the plaintiffs appear as grantors and in one instance Graceland Estates, Inc., as the grantee, recites "good and valuable consideration and $100.00"; and in another of the deeds the plaintiffs are grantors and Garfield's Ltd. is the grantee, and the consideration is similar. The final appended deed is from the plaintiffs to The Roxwood Company, and it recites a consideration of "good and valuable consideration and Ten Dollars." One of the deeds excepts three trust deeds to the Mountain Savings and Loan Association (defendant).

In its answer defendant denies the contract although admitting that several loans were made to plaintiffs, and as an affirmative defense it is alleged that two general releases were executed by plaintiffs and that these are dated July 28, 1955, and June 19, 1956. It is alleged that these effectively released defendant from any liability whatsoever connected with the subject transactions. The answer also pleads the statute of frauds.

The July 28, 1955 release recites that: whereas, the defendant had accommodated the plaintiffs in making loans for the construction of homes and the purchase of land; and that, whereas, The Roxwood Company had taken title to certain parcels of land in the described area, and had accommodated plaintiffs by assuming deeds of trust which the plaintiffs were obligated to pay; and that whereas certain proceeds of the loans were to be used to pay off plaintiffs' obligations, that the release was given in consideration of $10.00 and other good and valuable considerations, and it released and discharged defendant, its officers and agents, of and from any and all manner of action or actions which the plaintiffs had, now have, or hereafter have, arising out of any and all sundry transactions "which we have had with any of the above in relation to any and all kinds of land transactions, loans and transfers of land or property in the SE¼ of Sec. 33, T 1 N.R. 70 West of the 6th P.M., and more particularly the property known as Wagoner Manor and First Addition to Wagoner Manor and the three parcels of land adjoining said First Addition to Wagoner Manor heretofore conveyed to The Roxwood Company."

The second release, that which bears June 19, 1956 as the date, is less specific, but no less extensive in its provisions. It purports to release and forever discharge the defendant from any and all manner of action or actions, etc., "and demands whatsoever which we ever had, now have, or may have for, on or by reason of any matter, cause, or thing whatsover from the beginning of the world to the day of the date of these presents."

The above-described releases were appended to the affidavit filed on behalf of defendant in connection with its motion for summary judgment.

In their counter affidavit the plaintiffs made the following statement:

"Affiants and each of them allege that the said execution of said release as aforesaid was made without their knowledge and consent and without any consideration therefore."

Due to the vagueness of these statements, Judge Savage entered an order as follows:

"1. Plaintiffs are hereby ordered to file another or other affidavits in opposition to defendant Mountain Savings and Loan Association's Motion for Summary Judgment within 15 days from the date of this Order, clarifying the statements made by plaintiffs in Paragraph 3 of plaintiffs' affidavit in opposition to Motion by defendant Mountain Savings and Loan Association for Summary Judgment, now on file herein, to-wit: 'Affiants and each of them allege that the said execution of said release as aforesaid was made without their knowledge and consent and without any consideration therefore.' stating specifically what occurred with respect to the execution of these releases and stating with particularity why plaintiffs did not know that the releases were being executed or why they were executed without their knowledge and consent, also stating with particularity why the execution of said releases were made without any consideration therefor."

As indicated above, a supplementary affidavit was then filed by the plaintiff, Fred K. Wagoner. Some sample paragraphs from this affidavit indicate the continued vagueness on the part of the plaintiffs:

"Affiant further alleges that at no time was there any agreement between this affiant or any of the other plaintiffs and defendant, Mountain Savings and Loan Association, to give the latter a general release on or about the 28th day of July 1955; that any purported release, as alleged in said paragraph of the affidavit of the said Donald E. Barnes and as alleged in paragraph 7, page 2, of the affidavit of Roy N. Severinsen, were obtained by trick and device and without the knowledge of this affiant or of any of said plaintiffs.

"It is inconceivable that this affiant or any of the plaintiffs would execute such release due to the fact that only a few days before plaintiffs borrowed the sum of $120,000. from defendant, Mountain Savings and Loan Association as shown by Exhibit 'C' of plaintiffs' amended complaint. And affiant alleges that at the time of said purported release was executed, to wit, as they claim on the 28th day of July 1955, defendant, Mountain Savings and Loan Association, owed to plaintiffs the sum of $120,000. or thereabouts. That the defendant, Mountain Savings and Loan Association now owes to plaintiffs the sum of $24,000. as evidenced by said loans aforesaid."

As the Court reads Judge Savage's order, its evident purpose was to require the plaintiffs to set forth any facts within their knowledge which they would be in a position to prove in a trial shedding light on how the releases in question were obtained without their knowledge and consent and without any consideration therefor. The order required them to state specifically what occurred and to state why the plaintiffs did not know that the releases were being executed, or why they were executed without their knowledge and consent, and why they were without consideration. Gauging the supplementary affidavit against the judge's order, it seems plain that the plaintiffs have not appeared with any facts which would support the conclusion contained in the first affidavit whereby, as they maintain, the releases were made without their knowledge and consent and without any consideration therefor. It adds nothing to state that the releases

were obtained by trick and device and without the knowledge of this affiant; nor is the plaintiffs' position improved by saying that it is inconceivable that the plaintiffs would execute such release since only a few days before they had borrowed $120,000.00 from defendant, etc. This latter is mere argument and it is not factual material. In other words, there has been a complete and utter failure on the part of the plaintiffs to comply with Judge Savage's order.

Have the plaintiffs tendered a genuine issue of fact? They definitely have not. Defendant has introduced releases which were signed by the plaintiffs which are notarized and which refer specifically to the series of transactions which were transpiring at the time and on which the second amended complaint is based. The alleged "oral and written" contract pre-dates the releases and thus if these releases were in fact executed they unquestionably embrace the alleged claims in the second amended complaint.

Had the plaintiffs unequivocally denied the execution of the releases and had alleged forgery, the defendant would have been placed on its proof and would have had to establish the genuineness of the plaintiffs' signatures. This would have been an issue of fact. However, it is impossible to conclude from a reading of the affidavits, pleadings, and briefs, that plaintiffs deny the *genuineness* of the signatures. Futhermore, the plaintiffs do not allege fraud in the execution of the releases, or fraud or mistake which would question whether the signatures were executed with knowledge on their part of what they were signing. No fact is offered which could operate effectively for the plaintiffs' favor at the trial. Under these circumstances a summary judgment, although a drastic remedy, seems appropriate.

The circumstances under which a release can furnish the basis for relief under Rule 56 of the Federal Rules of Civil Procedure, 28 U.S.C.A., is described in 6 Moore's Federal Practice, page 2255, § 56.17 [49], (2nd Ed.1953):

"Summary judgment should be rendered on the basis of a legally sufficient release that does not involve any genuine issue of material fact. If the release is legally insufficient, or, although legally sufficient, it involves a genuine issue of material fact as to whether the release was executed, or whether it is voidable because of mutual mistake, fraud, or on some other material ground then summary judgment on the basis of the release should be denied. Although there is a factual issue as to such a matter, for example fraud, but the party asserting it is legally estopped to do so then the factual issue is not material and summary judgment may accordingly be rendered."

The standards set forth by the author all contemplate the existence of factual matter capable of establishing affirmatively the defenses of fraud, mistake or some other similar ground. As has been indicated, the plaintiffs have failed to come up with facts of this character and caliber.

■ That the procedure of Judge Savage in requiring the plaintiffs to make a factual showing was proper, is illustrated by the case of Engl v. Aetna Life Ins. Co., 139 F.2d 469 (2 Cir., 1943), where the Court, on page 472, speaking through Judge Clark, said:

"* * * But the history of the development of this procedure shows that it is intended to permit 'a party to pierce the allegations of fact in the pleadings and to obtain relief by summary judgment where facts set forth in detail in affidavits, depositions, and admissions on file show that there are no genuine issues of fact to be tried.' 3 Moore's Federal Practice 3175. In New York the question of constitutionality was settled by considering the

procedure as one to determine whether a defense or issue formally stated between the parties was merely sham and not bona fide. Formerly this could be determined only on the face of the pleadings; the only essentially new step was to allow such a showing to be made on the basis of detailed affidavits. The rationale is well stated in one of the leading cases establishing constitutionality, Hanna v. Mitchell, 202 App.Div. 504, 518, 196 N.Y.S. 43, 55, affirmed 235 N.Y. 534, 139 N.E. 724; 'To say that a false denial, which defendants are unable to justify, must nevertheless put the plaintiff to his common-law proof before a jury, although the result would be a directed verdict in plaintiff's favor as a matter of law, is to exalt the shadow above the substance.' Hence we have often held that mere formal denials or general allegations which do not show the facts in detail and with precision are insufficient to prevent the award of summary judgment. See, for example, Shotkin v. Mutual Benefit Health & Accident Ass'n, 2 Cir., 138 F.2d 531; [citing cases]."

And in Bruce Construction Corporation et al. v. United States of America for use of Westinghouse Electric Supply Company, 242 F.2d 873, 874 (5 Cir., 1957), the Court said:

"But, equally vigorous in giving full range to this mechanism, we have just as consistently rejected any notions that pretense, or apparent formal controversy can thwart application of this rule or hamstring the court in determining whether it is a proper case for it. Consequently, when a movant makes out a convincing showing that genuine issues of fact are lacking, we require that the adversary adequately demonstrate by receivable facts that a real, not formal, controversy exists, and, of course, he does not do that by mere denial or holding back evidence."

It thus seems fundamental that the defenses which are suggested, but not demonstrated by plaintiffs, must be supported by facts. See Rule 9(b) Federal Rules of Civil Procedure: see also Miller v. Hoffman, 1 F.R.D. 290 (D.C.N.J. 1940); Camerlin v. New York Central Railroad Co., 199 F.2d 698 (1 Cir., 1952), and Combined Bronx Amusements v. Warner Bros. Pictures, 132 F.Supp. 921 (D.C.N.Y.1955).

Finally, attention is called to the fact that Rule 56(e), Federal Rules of Civil Procedure, declares:

" * * * Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. * * * "

We conclude that since the plaintiffs have failed to produce satisfactory factual matter, following the piercing by Judge Savage of their unsupported conclusions, that they have no defense to the releases cognizable in law or in equity. Therefore, the motion for summary judgment as to claims 1 and 2 must be, and it is hereby granted. It is, therefore,

Ordered that judgment be entered in favor of Mountain Savings and Loan Association and against the plaintiffs herein as to the remaining first and second counts of the second amended complaint, and as a consequence of said entry of judgment, it is

Further ordered that the said claims be, and they are hereby dismissed.