McFadden, Appellant, *v.* American Oil Company.

46

Argued June 9, 1969.   Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*Louis A. Kassen,* with him *Louis Kassarich,* for appellant.

*Charles Jay Bogdanoff,* with him *Albert C. Gekoski* and *Jeffrey M. Miller,* for appellees.

OPINION BY JACOBS, J., September 11, 1969:

This appeal is from a summary judgment granted by the lower court to defendant-appellee on appellee's motion under Pa. R.C.P. 1035.

Plaintiff instituted an action in trespass seeking recovery for property damage sustained in a collision between his automobile and a truck operated by Clarence H. Bartlett, an employee of American Oil Company. The defendants filed an answer and in new matter asserted that on August 19, 1966, the plaintiff executed a general release under which both the corporate and individual defendants were released from any and all claims for damage resulting from the accident. The release, a copy of which was attached to the answer, extended to "any and all known and unknown, foreseen and unforeseen bodily and personal injuries, damage to property, and the consequences thereof. . . ."

Plaintiff's reply to new matter averred that the intention of the parties was that the release cover only plaintiff's personal injuries and not his property damage claim, the subject of the present suit. The reply averred further that "this release was procured by fraud, mistake and/or accident in that the plaintiff did not realize the legal effect of this release."

Thereafter defendants took plaintiff's oral deposition in which he was asked the basis for his averment of fraud or mistake in the reply to new matter. Plaintiff's response, although somewhat ambiguous and susceptible to interpretation, was essentially that the consideration received for the release ($3000) was for bodily injury only and not property damage. Plaintiff admitted that he was represented by counsel during the negotiations leading to settlement and that he signed the release in his attorney's office. Defendants then moved for summary judgment on the basis of the pleadings and plaintiff's deposition. In opposition to the motion, plaintiff contended that an issue of fact existed as to the intent of the parties to the release and attached to his answer the affidavit of the

attorney who represented him when the release was executed.[1] The affidavit stated that "it was not the intention of the parties to the release that said release would cover property damage, but bodily injuries only." Plaintiff also alleged that whether his deposition showed fraud, accident, or mistake was a jury question.

Noting the broad, inclusive language of the release, and that plaintiff was represented by counsel at its execution, the trial court granted defendants' motion for summary judgment.

It is now well established that we can sustain a summary judgment only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Pa. R.C.P. 1035 (b) ; *Toth v. Philadelphia,* 213 Pa. Superior Ct. 282, 247 A. 2d 629 (1968). The burden of demonstrating that no genuine issue of material fact exists is on the moving party and the record must be examined in the light most favorable to the nonmoving party. *Schacter v. Albert,* 212 Pa. Superior Ct. 58, 239 A. 2d 841 (1968). The court must accept as true all well-pleaded facts in the nonmoving party's pleadings and other proper evidence submitted in response to the motion, giving him the benefit of all reasonable inferences to be drawn therefrom. *Toth v. Philadelphia,* supra. In passing upon a motion for summary judgment, the trial court's function is not to decide issues of fact, but solely to determine whether there is an issue of fact to be tried. All doubts as to the existence of a genuine issue of material fact

---

[1] In the instant case, plaintiff's insurance company is suing in plaintiff's name on the cause of action to which it was subrogated after paying for the damage to plaintiff's automobile.

must be resolved against the moving party. *Schacter v. Albert,* supra. Finally, a summary judgment should be granted only when the case is clear and free from doubt. *Mallesky v. Stevens,* 427 Pa. 352, 235 A. 2d 154 (1967).

The issue, therefore, is whether the evidence presented to the lower court by the plaintiff to avoid his general release, which was pleaded as an affirmative defense by defendants, raises any genuine issues of material fact.

Initially, it is clear that summary judgment is the proper procedural instrument to bring to the front of formal pleadings the legal effect of a release. *Wagoner v. Mountain Sav. & Loan Ass'n,* 311 F. 2d 403, 406 (10th Cir. 1962).[2] The futility of a trial upon the primary issues of a cause of action is apparent if the validity of the release is to be ultimately determinative of the case. *Id.* See *Ruhe v. Kroger Co.,* 425 Pa. 213, 228 A. 2d 750 (1967). Professor Moore summarizes the basic principles governing a motion for summary judgment on the basis of a release as follows: "Summary judgment should be rendered on the basis of a legally sufficient release that does not involve any genuine issue of material fact. If the release is legally insufficient, or, although legally sufficient, it involves a genuine issue of material fact as to whether the release was executed, or whether it is voidable because of mutual mistake, fraud, or on some other material ground, then summary judgment on the basis of the release should be denied." 6 Moore, Federal Practice ¶56.17[49], at 2651-52 (2d ed. 1966).

---

[2] Since the language of Pa. R.C.P. 1035, adopted in 1966, was taken substantially verbatim from Fed. R. Civ. P. 56, interpretation of the scope of rule 1035 and its application in this setting can be properly aided by reference to cases decided under the federal rule. *Schacter v. Albert,* supra at 61; *Toth v. Philadelphia,* supra at 286 n.2.

Plaintiff here does not dispute that he executed the release. Further, the terms of the general release are clear and unambiguous. This is not a case requiring construction of the terms or language of the release to determine the nature and scope of the rights the parties intended to release.[3] The primary basis of plaintiff's opposition to the motion, supported solely by the conclusionary assertion in the affidavit of Mr. Goichman, his former attorney, is that notwithstanding the appearance of the words "property damage" in the release, it was not the intention of *any* of the parties that the release would cover property damage. No averments of specific facts were advanced to support this conclusion, nor did plaintiff indicate how he would support his contention if he were permitted to go to trial.

Assuming that the quantum of evidentiary matter in the affidavit would be sufficient to preclude summary judgment, and remembering that the trial court on defendants' motion was required to accept Mr. Goichman's affidavit as true, the court below nevertheless could give weight to the affidavit only to the extent that it set forth matter that would be admissible into evidence. *Freeman v. Continental Gin Co.*, 381 F. 2d 459, 463, *reh. denied*, 384 F. 2d 365 (5th Cir. 1967). Rule 1035(d) provides: "Supporting and opposing affidavits shall be made on personal knowledge [and] shall set forth such facts as would be admissible in evidence. . . ." This requirement brings into play the so-called "parol evidence rule," a long established rule of substantive law in Pennsylvania, which controls the interpretation of a release because it is a type of contract. "Where the written contract cov-

---

[3] *Cf.*, e.g., *Restifo v. McDonald*, 426 Pa. 5, 230 A. 2d 199 (1967) ; *Cady v. Mitchell*, 208 Pa. Superior Ct. 16, 220 A. 2d 373 (1966).

ers or purports to cover the entire agreement of the parties, and there is no . . . proof that anything was omitted therefrom [or included therein] by fraud, accident, or mistake, all prior and contemporaneous negotiations, representations and verbal agreements are superseded by the written agreement, and parol [extrinsic] evidence is inadmissible to alter or contradict or vary or add to or subtract from or modify or supersede the written contract. . . ." *Caplan v. Saltzman*, 407 Pa. 250, 254-55, 180 A. 2d 240, 242 (1962). Mr. Goichman's affidavit, asserting intentions of the parties contrary to the written release, is extrinsic evidence and would substantially alter the legal import of the release. As such, the plaintiff would be barred from offering it to vary the unambiguous terms of the release by assertions as to plaintiff's intentions or those of the defendants who received the release. See *Freeman v. Continental Gin Co.*, supra at 463; *Robson v. American Cas. Co.*, 304 F. 2d 656 (7th Cir. 1962); *Swanson v. United-Greenfield Corp.*, 239 F. Supp. 299 (D. Conn. 1965).

The parol evidence rule, then, may have dictated the lower court's grant of summary judgment. If the court applied the rule to exclude Mr. Goichman's affidavit from consideration, however, it did so sub silentio, for neither the rule nor the affidavit is mentioned in its opinion. Although the affidavit is in the record, we have no way of knowing that it was actually before the court. The court referred only to plaintiff's statements in his oral deposition, which is not in the original record, and concluded that they did not support his averments of fraud or mistake.

Furthermore, the affidavit possibly was submitted in support of plaintiff's averment in his pleadings of mistake in connection with the release rather than as evidence of one party's intentions. Although the parol evidence rule would bar consideration of the af-

fidavit for the latter purpose, extrinsic evidence is generally admissible for the purpose of showing that by reason of a mutual mistake, a written instrument does not truly express the intention of the parties. *Roberts v. Roesch,* 306 Pa. 435, 159 A. 870 (1932); *Bugen v. New York Life Ins. Co.,* 408 Pa. 472, 184 A. 2d 499 (1962); *Evans v. Marks,* 421 Pa. 146, 218 A. 2d 802 (1966); 9 Wigmore, Evidence §2417 (3d ed. 1940);[4] see *Newland v. Lehigh Valley R.R.,* 315 Pa. 193, 173 A. 822 (1934).[5] That one of the parties to the contract denies that a mistake was made does not prevent a finding of mutual mistake. *Bollinger v. Central Pa. Quarry Stripping & Constr. Co.,* 425 Pa. 430, 229 A. 2d 741 (1967).

The answering affidavit submitted by plaintiff is susceptible to the interpretation that plaintiff is contending that there was a mutual mistake. Although the word "mistake" is not used, a reasonable inference from what plaintiff does allege as to the intention of *all* the parties is that this may be a case of mutual mistake. See *Michael Rose Prod., Inc. v. Loew's Incorporated,* 141 F. Supp. 257 (S.D. N.Y. 1956). This inference is strengthened by plaintiff's averment of "mistake" in his reply to new matter. Nor can it be said that this apparent assertion of mutual mistake is

---

[4] Wigmore states: "The kind of mutual mistake involved in the present principle is purely a mistake as to the *actual words intended to form part of the act* [i.e., the terms of the release]. . . . The case is the simple one of an oral agreement which, when reduced to writing for signature, contains terms varying from the actual understanding of the parties, but is nevertheless signed by them both in ignorance of the variance." 9 Wigmore, supra, §2417 at 59.

[5] In *Newland,* although the release specified that both personal injury and property damage claims were being released, the plaintiff releasor was permitted to show by oral testimony that the writing did not correctly set forth the understanding of the parties that only property damage was to be included.

frivolous as a matter of law. Pertinent in this respect is the fact that a former attorney for the plaintiff, who had intimate knowledge of the circumstances leading to the execution of the release, made the affidavit.

Another disturbing element of the case is plaintiff's contention in his brief and at oral argument that the defendants were on notice prior to the execution of the release that plaintiff's property damage claim had been subrogated to his insurance company. Plaintiff contends that upon payment of automobile repairs to him, counsel for his insurer gave written notice of the carrier's subrogation claim to defendants and to plaintiff's former attorney, who was representing him in his claim for personal injuries only. This allegation is consistent with plaintiff's argument that throughout the entire course of the negotiations, the only claim considered by the parties was for personal injuries. The only problem is that this averment of fact is made in plaintiff's brief at the appellate level rather than in papers opposing the motion in the lower court. But "[i]f the appellate court becomes convinced that the appellant, although acting in good faith, has somehow or other failed to raise at the trial court level a genuine factual issue that is, nevertheless, present in the case, it should make such a disposition of the appeal as will permit him to do so." 6 Moore, supra, ¶56.27[1] at 2975. See *Kennedy v. Silas Mason Co.*, 334 U.S. 249 (1948); *Smith v. United States*, 362 F. 2d 366 (9th Cir. 1966).

Had plaintiff's averments, that defendants had reason to know that a mistake was made in the reduction of their agreement to writing, been before the court below and been taken as true, other important legal principles would have been applicable. Generally if a mistake is not mutual, but unilateral, and is not due to the fault of the party not mistaken, but to the negligence of the one who acted under the mistake, it af-

fords no basis for relief. See *Marmon Philadelphia Co. v. Blocksom*, 103 Pa. Superior Ct. 542, 157 A. 510 (1931); *Seaboard Radio Broad. Corp. v. Yassky*, 176 Pa. Superior Ct. 453, 107 A. 2d 618 (1954). On the other hand, when there is mistake on one side and fraud on the other, relief is available. *Cook v. Liston*, 192 Pa. 19, 21, 43 A. 389, 390 (1899). Likewise, irrespective of active fraud, if the other party knows or has good reason to know of the unilateral mistake, relief will be granted to the same extent as a mutual mistake. See *Cook v. Liston*, supra; Restatement, Contracts §§472(1)(b),[6] 503, 505; Simpson, Contracts §99 at 201 (2d ed. 1965).

The principal difficulty permeating our consideration of this case is that the vague and conclusory character of plaintiff's pleadings, deposition and answering affidavit scarcely measures up to the standards required by rule 1035(d): "When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, *must set forth specific facts* showing that there is a genuine issue for trial." (emphasis added). The effect of the rule is to impose upon plaintiff the obligation of stating with particularity the *circumstances* constituting the alleged fraud or mistake, to set forth any *factual* matter within his knowledge capable of establishing affirmatively his claim, or at least to specify controverting facts he would be in a position to prove at trial, which shed light on how the release in question differed from the intentions of the parties. See *Doff v. Brunswick Corp.*, 372 F.

---

[6] "There is no privilege of nondisclosure by a party who knows that the other party is acting under a mistake [which] if mutual would render voidable a transaction. . . ." Restatement, Contracts §472(1)(b).

2d 801, 805 (9th Cir.), *cert. denied,* 389 U.S. 820 (1967) ; *Wagoner v. Mountain Sav. & Loan Ass'n,* 29 F.R.D. 138 (D. Colo. 1961), *aff'd,* 311 F. 2d 403 (10th Cir. 1962) ; *Michael Rose Prod., Inc. v. Loew's Incorporated,* supra. The opposing affidavit is no place for ultimate facts and conclusions of law, and if one is used, it should be full and precise on the point. See 6 Moore, supra, ¶56.22[1].[7] The mere assertion that a genuine issue exists, without any showing of evidence, would defeat the whole purpose of summary judgment. 3 Barron & Holtzoff, Federal Practice & Procedure §1235, at 141 (Wright ed. 1958).

This is not to say that plaintiff has the burden of proof to show a genuine issue of material fact, for the burden to show the contrary is on the moving party. *Schacter v. Albert,* supra. But plaintiff does have the burden of coming forward in his opposing affidavits and depositions with allegations of specific facts to support his claim. The quantum of evidentiary facts which must be adduced to preclude summary judgment is not the same as that required to set aside a release at trial; that is, at this stage his showing of fraud or mistake need not be "clear, convincing and indubitable." *Cf. Evans v. Marks,* supra. This requirement could not obtain because on a motion for summary judgment the court merely determines whether there is a controverted issue of fact, not whether the evidence submitted is sufficient to prove the particular fact. On the other hand, vague conclusions as to "intentions of the parties" are not sufficient to raise the issue.

---

[7] Compare the specificity of the opposing affidavits and depositions in, e.g., *Camerlin v. New York Cent. R.R.,* 199 F. 2d 698 (1st Cir. 1952) ; *Burgess v. Atlantic Coast Line R.R.,* 39 F.R.D. 588 (D. So. Car. 1966) ; *United States v. Ramstad Constr. Co.,* 194 F. Supp. 379 (D. Alaska 1961) ; *Michael Rose Prod. Inc. v. Loew's Incorporated,* supra; *Lane v. Greyhound Corp.,* 13 F.R.D. 178 (E.D. Ky. 1952).

Notwithstanding that plaintiff's affidavit does not conform with the requirements of rule 1035(d), there emerges from his brief and oral argument the somewhat unclear indication that he desires to raise factual matters pertinent to mutual mistake and fraud. However slight these hints, we cannot close our eyes to them and sustain the grant of summary judgment on this record. Nor can we overturn the judgment by considering alleged issues of fact that were not plainly disclosed as genuine issues in the lower court. See 6 Moore, supra, ¶56.27[1] and cases there cited. Further, the defendants should not be exposed to the trouble of extensive trial preparation and a trial unless and until the preliminary issue of the alleged mistake in the execution of the release has been adequately tested by a motion for summary judgment and effective opposition thereto. *Michael Rose Prod., Inc. v. Loew's Incorporated*, supra at 263. The lower court has the power under rule 1035(d) and (e) to require affidavits to be supplemented or opposed by deposition or other affidavits, and to require the inclusion of specific factual matter therein. By remanding this case to that forum, we can best prevent plaintiff from withholding his alleged evidence until trial and rendering useless the meritorious procedural device of summary judgment. *Id*; cf. *Linwood Harvestore, Inc. v. Cannon*, 427 Pa. 434, 235 A. 2d 377 (1967).

The court below is directed to retain jurisdiction over this case and to permit the parties to supplement their material in support of their respective claims, after which it will be in a position to determine, upon a more complete factual record and in light of the applicable law, whether plaintiff's assertions of mistake and fraud are sham or bona fide and whether they raise a genuine issue of material fact.

The present judgment is vacated without prejudice to defendant to renew his motion upon the amplified record.