## Hunting Park Moving & Storage Co., Inc.
## v. Redevelopment Authority

*David H. Kubert,* for plaintiff.

*F. J. Moran,* for defendant.

HIRSH, J., March 12, 1974.—On August 3, 1972, this action was commenced by a complaint in assumpsit in which plaintiff alleged that defendant, condemnor, failed to compensate plaintiff for services (moving expenses) rendered to L & A Creative Arts Studios, condemnee, pursuant to an oral promise by defendant to plaintiff. Thereafter on August 25, 1972, defendant filed an answer with new matter denying the allegations of plaintiff's complaint, and alleging plaintiff's failure to comply with the statute of frauds. The matter is presently before this court on defendant's motion for summary judgment.

A summary judgment may be sustained only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled

to a judgment as a matter of law": Pennsylvania Rule of Civil Procedure 1035(b). "The burden of demonstrating that no genuine issue of material facts exists is on the moving party and the record must be examined in the light most favorable to the nonmoving party. Schacter v. Albert, 212 Pa. Superior Ct. 58, 239 A. 2d 841 (1968) . . . In passing upon a motion for summary judgment, the trial court's function is not to decide issues of fact, but solely to determine whether there is an issue of fact to be tried. All doubts as to the existence of a genuine issue of material fact must be resolved against the moving party": McFadden v. American Oil Co., 215 Pa. Superior Ct. 44, 48-9, 257 A. 2d 283 (1969).

Pennsylvania Rule of Civil Procedure 1035(d) provides, in part, that

"When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him."

In the present case, the factual allegations of plaintiff's reply to defendant's new matter do not deny: (a) that defendant was not a party to the agreement between plaintiff and condemnee; nor (2) that no written acknowledgement of indebtedness had been executed by defendant. Having failed to set forth specific facts showing that there is a genuine issue for trial, plaintiff is bound by this court's determination of the legal issue presented.

The statute of frauds provides, in part, that

"No action shall be brought . . . whereby to charge the defendant, upon any special promise, to answer for

the debt or default of another, unless the agreement upon which such action shall be brought, or some memorandum or note thereof, shall be in writing and signed by the party to be charged therewith, or some other person by him authorized": April 26, 1855, P. L. 308, sec. 1, 33 PS §3.

Plaintiff's unsubstantiated allegation of defendant's indebtedness must be ignored, and, with the statute of frauds in mind, a review of the present pleadings indicates that defendant is entitled to summary judgment.

Accordingly, it is, therefore, ordered and decreed that Summary Judgment be entered in favor of the defendants.