### R. J. Carey Co., Inc. v. First National Bank of Dushore

*C. Kschinka,* for mortgagee.
*B. J. Meyer,* for claimant.

GARDNER, P. J., May 27, 1974.—Pursuant to a praecipe dated April 3, 1973, filed in the office of the Prothonotary of Sullivan County, Pa.[1] judgment was entered in favor of the First National Bank of Dushore, Pa., against Dushore Industries, Inc., on a mortgage bond dated December 15, 1966. On April 4, 1973, pursuant to praecipe of the same date, a writ of execution was issued directing the Sheriff of Sullivan County to levy on premises situate in Dushore Borough, containing 5.84 acres. Although the files do not reveal a sheriff's return, it is inferrable that a levy took place, since a property claim in the language of Pennsylvania Rule of Civil Procedure 3258 was filed by R. J. Carey Company, Inc., plaintiff above-named, pertaining to an oil-fired boiler, asserted to have been "leased" to Dolly Madison Industries, Inc., a lessee of Dushore Industries, Inc.

The sheriff determined that the claimant, R. J. Carey Co., Inc., was, prima facie, the owner of the boiler to which Dushore Industries, Inc. objected, thus creating an interpleader issue within the purview of Rule 3206(b) of the Pennsylvania Rules of Civil Procedure.

Defendants, asserting the absence of any genuine issue of any material fact, move for summary judgment. The matter was submitted to the court on March 19, 1974, by briefs, affidavits, and oral argument.

Defendants contend that:

(1) The boiler was an "essential part" of the industrial plant and that under the Pennsylvania industrial plant mortgage doctrine, the 1966 mortgage from Dushore Industries, Inc., to the First National Bank of

---

[1] A notation on the praecipe for judgment indicates its filing on "April 6, 1973." This must be an error as the writ of execution, pursuant to a praecipe dated April 4, 1973, was in fact noted as issued on April 4, 1973.

Dushore, Pa., was a lien against the boiler (though apparently installed subsequent to the execution and delivery of the mortgage) and entitled to priority over plaintiff's claim.

(2) Plaintiff failed to perfect its security interest prior to the date of the sheriff's levy (asserted to be April 4, 1973).

Plaintiff opposes defendants' motion, asserting that:

(1) Plaintiff is a "bailment lessor" and that, as such, is entitled to priority, even assuming that the 1966 mortgage was of the "industrial plant" variety.

(2) The Uniform Commercial Code protects plaintiff since one of defendants had actual notice of plaintiff's "ownership" prior to the sheriff's levy.

A summary judgment can be sustained only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law: McFadden v. American Oil Co., 215 Pa. Superior Ct. 44.

The burden is on the moving party (for a summary judgment) and the record must be examined in the light most favorable to the nonmoving party: Schacter v. Albert, 212 Pa. Superior Ct. 58.

The judgment in an interpleader proceeding requires the determination of the title to the claimed property as among the parties. Rule 3213, Pennsylvania Rules of Civil Procedure.

Assuming that Pennsylvania still has the industrial plant mortgage doctrine in situations affected by the Uniform Commercial Code[2], a crucial inquiry in this

[2] The extent to which the Pennsylvania industrial plant mortgage doctrine has survived the Commercial Code is not readily ascertainable. See footnote 1 in Karp Bros., Inc. v. West Ward

case concerns whether the boiler is *essential* to the manufacture of the products of Dolly Madison Industries, Inc. Mere use in the operation of the business of the user is insufficient: First National Bank of Mt. Carmel v. Reichneder, 371 Pa. 463.

This court is unable to answer the test of essentiality in the posture of the case, a naked assertion in defendant's affidavit. It remains an unresolved factual matter (in issue because of the present paucity of evidence) which, since it goes to the very heart of defendants' claim of priority, is perforce "genuine" and "material".

Further, even if plaintiff has an unperfected security interest, as asserted by defendants, plaintiff *possibly* may still take priority if defendants, or either of them, had knowledge of plaintiff's status prior to the sheriff's levy: Uniform Commercial Code, Act of April 6, 1953, P. L. 3, as amended, 12A PS §9-301(b).

By its affidavit, plaintiff asserts such knowledge; defendant, by its affidavit, asserts that the boiler was installed without its knowledge under unknown terms of agreement. This court believes that this, therefore, is a confrontation constituting a possible material issue of fact.

In reaching its conclusion (which, in essence, is merely that a trial must occur) this court is in no way determining whether Pennsylvania still has an industrial plant mortgage doctrine in the light of the Uniform Commercial Code, whether the mortgage here

Savings & Loan Association of Shamokin, 440 Pa. 583, wherein Justice Eagen said, "We make no decision as to the status of the 'Assembled Industrial Plant Doctrine' as far as the present appeal is concerned, either as to its applicability to the facts or in light of the enactment of the Commercial Code." It is assumed that "assembled industrial plant doctrine," and "industrial plant mortgage doctrine" are synonymous terms.

involved was, by its terms, an industrial plant mortgage, nor is it interpreting the application of the relevant, and possibly confusing or conflicting, provisions of section 9 of the Uniform Commercial Code. Further, this opinion shall not be construed as determinative of whether plaintiff is a bailment lessor, with a perfected or unperfected interest; there simply is no evidence on which such a determination, if relevant and material, could be made.

Since this court is ruled by McFadden, supra, in its command that a summary judgment should be granted only when the case is clear and free from doubt and that all doubt as to the existence of genuine issues be resolved against the moving party, defendants' motion must be denied.

## ORDER

And now, May 27, 1974, for the reasons set forth in the foregoing opinion,

It is ordered that the motion for summary judgment heretofore filed by the above-named defendants be and the same is hereby denied.

Trial before the court without a jury is set for July 25, 1974, at 10 a.m., in the courtroom at the Court House in Laporte, Pa.