## Young v. Nemeroff

*Robert F. Simone,* for plaintiff.
*Robert R. Reeder,* for defendant.
*John F. Barth,* for additional defendants.

LEDERER, *J.,* January 27, 1976—This case is before the court for judgment on the pleadings. Both parties have admitted that the pleadings are closed. Therefore, since there is no controversy as to whether the pleadings are closed for the purposes of judgment thereon, the court will decide only whether the release pleaded by the additional defendants is a bar to the original defendant's right to contribution.

On March 5, 1975, plaintiff filed a complaint in trespass against defendant, Milton A. Nemeroff, for alleged injuries sustained in an automobile accident on June 5, 1974. On or about March 27, 1975, defendant, Nemeroff, filed a defendant's complaint joining Bruce Hall and Ida Howard as additional defendants. On June 27, 1975, Ida Howard filed a responsive pleading, stating that a release executed by Milton Nemeroff was a complete bar to defendant's complaint as to any and all liability, whether joint or individual, and as to any right of contribution. On July 3, 1975, additional defendant, Bruce Hall, filed a responsive pleading identical to that which was filed by Ida Howard. These responsive pleadings were submitted by way of new matter.

Defendant's answer to the new matter was that it was not his intention to release any right of contribution and/or indemnification in executing the release; that the release only covered physical damage; that no consideration was given in return for the release of the right of contribution; and that

the only consideration was for the release of a right for property damage and personal injury.

Within the four corners of the release, consideration of $5,148 is recited. This consideration purports to release Ida Howard and Bruce Hall from any and all liability with respect to:

1. Physical injury and property damage; and

2. "any loss, claim, liability, cost or expense growing out of any claim against them or either of them for contribution by any alleged tortfeasor under any applicable Contribution Among Joint Tortfeasors Act." (See Release, Exhibit "A" attached.)

It is further recited in the release that the release purports to be effective as to all claims, actions, causes of action, etc., accruing prior to and including the date of the signing of the release. The release is dated February 18, 1975, and is signed by Milton Nemeroff and Shirley Nemeroff.

Subsequent to said release given by the Nemeroffs, Frank Young, plaintiff in the present action, filed a complaint against Milton Nemeroff on March 5, 1975.

Each party relies on Restifo v. McDonald, 426 Pa. 5, 230 A. 2d 199 (1967), to support his claim.

In Restifo v. McDonald, the court held that the question of whether a release, which by its terms was a general release and purported to release the additional defendants from any and all liability, should be submitted to the jury as to what the parties intended. The release in Restifo did not specifically include the release of the right of contribution. The additional defendant there, however, argued that such a general release necessarily by its terms includes the release of the right of con-

tribution. In voiding the release, the court reasoned that:

"[I]t would be illogical to assume that . . . there was a meeting of the minds in the instant case. The releasing party, unless he is a lawyer, is unlikely to be cognizant of this potential right, a right which in any event does not accrue until after an action has been instituted against the releasor by a third party . . . Instead the releasing party is most apt to regard the release as a contract which constitutes the successful settlement of his claim against the releasee." 426 Pa. at 10.

In holding as it did, the court, in its final sentences of the Restifo opinion, noted that:

"All we hold is that in the circumstances of the instant case such a contract must show that a release to seek contribution was bargained for and within the parties' contemplation. Properly construed the release involved in the instant litigation merely prohibits recovery on an action which originates with the releasor.": 426 Pa. at 11.

The precise issue then is whether the specific language in the instant release, reciting that the release covers any right to contribution among joint tortfeasors, is permissible within the scope of Restifo v. McDonald.

The major distinction between the instant case and Restifo is that the release in Restifo did not contain any specific language as to the right to contribution. The release of the right to contribution is specifically stated in the instant release. Therefore, it would be logical to conclude that, since the specific language as to contribution was contained in the release, then the parties specifically bargained for said release and that the re-

lease is valid within the principle enunciated in Restifo.*

Whether or not the pleadings now state that the release to contribution was not within the contemplation of the parties is irrelevant. Even if this were the case, defendant would not be permitted to testify to this at trial. Such testimony would be barred by the parol evidence rule: McFadden v. American Oil Co., 215 Pa. Superior Ct. 44, 257 A. 2d 283 (1969). The only time the parol evidence rule will not be operative is where the releasing party alleges that the release was obtained through fraud, coercion, duress or mutual mistake: McFadden v. American Oil Co., supra. There is no such allegation in the pleadings before the court. Therefore, the applicability of the parol evidence rule is in effect and would be in effect should the issue be raised at the trial of this case.

Therefore, judgment in favor of additional defendants should be entered against defendant, Milton Nemeroff, and plaintiff, Frank Young.

## ORDER

And now, January 27, 1976, it is hereby ordered, adjudged and decreed that judgment in favor of additional defendants, Ida Howard and Bruce Hall, be entered against defendant, Milton Nemeroff, and plaintiff, Frank Young, with prejudice.

---

*See also Cady v. Mitchell, 208 Pa. Superior Ct. 16, release of any and all claims, either known or unknown, forever, *held* void because unknown injuries could not have been within the contemplation of the parties. In such a circumstance, the question will be submitted to the jury.

### EXHIBIT "A"

For and in consideration of the payment to me/us of the sum of ——FIFTY ONE HUNDRED AND FORTY EIGHT DOLLARS and ——00/100 Dollars ($5148.00)

I/we, being of lawful age, have released and discharged, and by this release do for myself/ourselves, my/our heirs, executors, administrators and assigns, release and discharge Ida Howard and Bruce Hall and any and all other persons and entities (whether herein named or not) of and from any and all claims, damages, actions, causes of action, and suits of whatever kind, known or unknown, prior to and including the date hereof, and particularly for all injuries to person or damage to property, resulting or to result, and especially the liability arising, from an accident which occurred on or about the 5th day of June, 1974, at or near Route 309 — Expressway, Upper Dublin Township, Pa.

The payment made to me/us is upon my/our warranty that I/we have not received heretofore any consideration whatever for, nor have I/we released heretofore any person, firm or corporation from, any claim or liability for any injuries to person or property arising from said accident, and I/we agree to hold harmless and indemnify the said Ida Howard and Bruce Hall from any loss, claim, liability, cost or expense growing out of any claim against them or either of them for contribution by any alleged joint tortfeasor under any applicable Contribution Among Tortfeasors Act.

In exchange for the consideration I/we receive for executing this release, I/we fully understand and intend that I/we further release the parties released herein of any rights of indemnification, con-

tribution, or joinder as third-party defendants or additional defendants which I/we may have against the said parties released herein and which have or may arise from the aforesaid accident with respect to any claims, causes of action or suits of/or by persons or entities other than mine/ours.

It is understood that the parties released admit no liability from the aforesaid occurrence and that the said payment and settlement is made to terminate further controversy.

I/we further state that I/we have carefully read the foregoing release and know the contents thereof, and I/we sign the same as my/our own free act and I/we intend to be legally bound hereby.

WITNESS my/our hand and seal this 18 day of Feb., 1975, in the presence of

(X)  (s)  Milton Nemeroff        (SEAL)
    X MILTON NEMEROFF

WITNESSES:

_____

_____

Address

(X)  (s)  Shirley Nemeroff        (SEAL)
    X SHIRLEY NEMEROFF

_____

_____

Address

State of Penna.
          ss.
County of Phila.

On this 18 day of February, 1975, personally appeared before me Milton Nemeroff and Shirley Nemeroff, who acknowledged that they voluntarily executed the above Release, the contents thereof having been first made known to affiant(s) by me.
    (s) ROSLYN PANNEBECKER

(Notarial Seal)         Notary Public